MOORE ET AL. *v.* COPELAND.

[No. 13,318. Filed October 10, 1928.]

*Eph Inman* and *Slaymaker, Turner, Merrell, Adams & Locke,* for appellants.

*James L. Murray,* for appellee.

REMY, J.—Appellant Heidenreich, a shoe merchant, owned four rental properties. Appellant Moore was a "contracting carpenter," and from time to time had made repairs on the rentals owned by Heidenreich. On October 10, 1927, Heidenreich went to the home of Moore and entered into an agreement with him by the terms of which Moore was to re-cover a certain garage and make some repairs on the roof of one of the rentals. The work to be done would require the labor of two men for approximately four days. Heidenreich was to pay for the labor and material. The amount to be paid for the labor was not fixed. Moore ordered the material and employed appellee, Copeland, and another man to do the work. Moore paid the men for the work they did at the rate of seventy-five cents per hour. The material was charged to Moore on the books of the seller. The men employed by Moore had put the new roof on the garage, and were at work repairing the house, when appellee fell from a scaffold and was injured. At the time the arrangement for the repairs was made with Moore, Heidenreich did not exact from Moore a certificate from the Industrial Board showing employer's registration as required by §14 of the Workmen's Com-

pensation Act (Acts 1919 p. 159, §9459 Burns 1926), and Moore did not carry compensation insurance.

Appellee filed with the Industrial Board his claim for compensation against both Moore and Heidenreich. At the hearing, the evidence, without conflict, established the above facts, and there was some evidence tending to show that Moore, for supervising the work, was to receive a profit equal to ten per cent. of the cost of the repairs, but, on that issue, the evidence, as shown by the record, is conflicting.

The Industrial Board found that Moore, through his employees, did the work as an independent contractor, and awarded appellee compensation against both Moore and Heidenreich, appellants herein. The sufficiency of the evidence to sustain the award is the question presented.

Whether Moore was an independent contractor was a question of fact for the Industrial Board (*Marion Malleable Iron Works* v. *Baldwin* [1924], 82 Ind. App. 206, 145 N. E. 559), and there is competent evidence to sustain the board's finding in that regard.

Heidenreich, having contracted with Moore for the performance of the work without having exacted from him an employer's certificate issued by the Industrial Board, is also liable to Copeland for compensation. §§14 and 68 of compensation act (Acts 1919 p. 159, §§9459 and 9513 Burns 1926).

Award affirmed.

Nichols, J., not participating.