## SCHAD v. SCULLY.

[No. 14,313.   Filed October 17, 1931.]

*Rocap & McShane* and *Bomberger, Peters & Morthland,* for appellant.

*William J. McAleer, Francis J. Dorsey, James J. Clark* and *William L. Travis,* for appellee.

LOCKYEAR, J.—This was an action before the Industrial Board of Indiana wherein the appellee was awarded, as against the appellant, 40 weeks' compensation at the rate of $16.50 per week on account of a permanent partial impairment of 20 per cent of the right arm below the elbow.

The appeal to this court is on the grounds that the award is not sustained by sufficient evidence and is contrary to law.

Fred J. Schad is a plumbing and heating contractor and exhibitor running a show. He ran the theater known as the Broadway Theater in Indiana Harbor, Indiana. He testified that there was a canopy in front of his theater and, underneath the canopy, there were light sockets put in tin; eight or nine of these were not lighted. "Some time before, I had Mr. Scully do a little work at my store, so I told him to go down there and fix those lights. I hired him off and on, this was the second time he worked for me. The way I do my work, I hire a man who does the whole thing, and then turns in the bill to me and I pay him. I was to pay Mr. Scully by the hour."

William Scully, the appellee, testified that appellant employed him on January 5, and: "The appellant came to my house, I was lying down in bed at home and he wanted me to come over to the theater and do some work for him. He told me to go ahead and get the material. I was supposed to get 85 cents an hour; this was the price talked over between Schad and myself."

The appellee climbed out onto the canopy from a window located above, and, soon after he started to work fell through the canopy to the sidewalk, 15 feet below, breaking his right arm below the elbow and knocking out three teeth, and bruising his hip on the right side.

The only contention of the appellant is that the appellee was not an employee but an independent contractor.

The evidence above set out is sufficient for the Industrial Board to find that that relation of employer and employee existed, and, under the authority of the well-considered case of *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293, the award is affirmed, together with the 5 per cent penalty as by law provided.

Curtis, J., not participating.