CLARK v. WOODS ET AL.

[No. 14,663. Filed January 13, 1933.]

*Chester M. George* and *Owen S. Boling,* for appellant.
*John H. Kiplinger* and *Jean R. Kiplinger,* for appellees.

CURTIS, C. J.—This is an appeal from an award of the full Industrial Board entered April 4, 1932.

Under the award of the full board compensation was awarded the appellant against Hulbert Woods alone, and

denied against Fred McManus as administrator of the estate of Thomas McManus, deceased, and Fred McManus, Harry McManus, Inez Brown, and Carrie McManus, who were the heirs of the decedent.

The issues were joined upon the appellant's application for compensation and the answer of general denial under Rule 10 of the board. The appellant excepted to the award of the full board and prayed and perfected his appeal to this court, assigning as the error relied upon for reversal that the said award is contrary to law. This assignment of error is sufficient to present all questions sought to be presented. See Sec. 61, Indiana Workmen's Compensation Act, Acts 1929, p. 537, ch. 172.

There is no question raised by the appellant as to the sufficiency of the evidence to sustain the finding of facts, but the sufficiency of the facts found to sustain the award is challenged by him.

So much of the finding and award of the full board as is pertinent to the questions for determination is as follows: ". . . The board having heard the argument of counsel and having reviewed the evidence . . . finds:

"That Alvin Clark was in the employ of the defendant Hulbert Woods on the 3rd day of May, 1930, at an average weekly wage of $30.00, and on said date he received a personal injury as the result of an accident arising out of and in the course of his said employment by the defendant Hulbert Woods; and as a result thereof he was totally disabled from May 3, 1930, to September 15, 1930, at which time his said disability ceased.

"The board further finds that plaintiff was injured while engaged in painting the residence in the city of Rushville, Indiana, which the said Hulbert Woods had agreed to paint under a contract with Thomas McManus; that at the time of making said painting con-

tract with the said McManus nor at the time of performing the said work the said Woods had not secured compensation insurance and had not complied with Secs. 5, 68, and 69 of the Indiana Workmen's Compensation Act of 1929, and the said McManus did not at any time exact from the defendant Hulbert Woods a certificate from the Industrial Board of Indiana showing that the said Hulbert Woods had complied with Secs. 5, 68, and 69 of the Indiana Workmen's Compensation Act of 1929; that the said Thomas McManus died on May 20, 1930, and Fred McManus is the duly qualified and acting administrator of the estate of Thomas McManus, and, as such is joined as a party defendant herein; that the defendants Harry McManus, Carrie McManus, Fred McManus, and Inez Brown are the surviving heirs at law of the deceased, Thomas McManus.

"The board finds that the plaintiff is entitled to an award for compensation as against the defendant Hulbert Woods, and that the finding should be for the remaining defendants on the plaintiff's application filed herein on May 9, 1931.

## Award

"It is therefore considered and ordered by the full Industrial Board of Indiana that the plaintiff be and he is hereby awarded compensation as against the defendant, Hulbert Woods, at the rate of $16.50 per week for a period of 18 2/7 weeks, beginning on May 10, 1930, on account of total disability for said period; that all compensation now due be paid in cash and in a lump sum.

"It is further ordered that the defendant, Hulbert Woods, pay the necessary and reasonable medical, surgical and hospital expenses occasioned by the plaintiff's said injury for the first 30 days after the date thereto, together with the costs of this proceedings.

"It is further ordered that the plaintiff take nothing as against the defendants Fred McManus, Harry McManus, Inez Brown and Carrie McManus, and Fred McManus, as administrator of the estate of Thomas McManus, deceased."

The appellant, in his reply brief, says that he makes no claim that McManus, the decedent, if living, could be held as an "employer." The claim is that the right of action created under Sec. 14 of the act by reason of the failure to exact the certificate mentioned therein is an independent right and that the extent of the liability is measured by the compensation due the employee, and that the right survived the death of the decedent and binds his heirs and legal representative. That part of Sec. 14 of the Workmen's Compensation Act, upon which the appellant relies, is as follows:

"Any person contracting for the performance of any work by a contractor subject to the compensation provisions of this act without exacting from such contractor a certificate from the Industrial Board showing that such contractor has complied with Secs. 5, 68, and 69 of this act shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees," etc.

There is no language in said Sec. 14 of the act that provides that the rights created by the section, where there is a failure to exact the certificate mentioned therein, shall survive against the heirs and legal representative of the person so failing to exact the certificate. But the appellant points to Sec. 73 of the Workmen's Compensation Act, *supra*, which, among other things, provides that " 'Employer' shall include the state and any political division, any municipal corporation within the state, any individual, firm, association or corporation or the receiver or trustee of the same, or the legal representatives of a deceased per-

son, using the services of another for pay," and says that it is clear from the language of the act that the cause of action would survive the death of the person who failed to exact the certificate required by said Sec. 14 of the act and that the act as a whole should be construed to bind the legal representative of the decedent in the instant case.

The appellee contends that the appellant is clearly in error in his construction of that portion of said Sec. 73 of the act heretofore set out, and says that the words "legal representatives" as used in said last mentioned section of the act means "legal representatives" who actually employ a person after the death of the decedent, and do not mean that there is a survival of the right of action.

Sec. 6 of the said act provides as follows: "The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

Section 4 of said act, insofar as it may seem applicable to the instant case, is as follows: "Every contract of service between any employer and employee covered by this act, written or implied, now in operation or made or implied prior to the taking effect of this act, shall, after the act has taken effect, be presumed to continue; and every such contract made subsequent to the taking effect of this act shall be presumed to have been made subject to the provisions of this act. . . ."

It has been correctly held that the relationship existing between the employer and the employee, under the Workmen's Compensation Act, is contractual, and that the said act is as fully a part of

such contract as if it were actually incorporated therein. See *Carl Hagenbeck & Great Wallace Shows Company* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531, and cases cited therein. See also *Rogers et al.* v. *Rogers et al.* (1919), 70 Ind. App. 659, 122 N. E. 778.

It is also true that the provisions of the compensation act should be liberally construed in favor of the injured employee to the end that the humane purposes of the act may be carried out. It is likewise true that in deciding the question as to whether or not the right of action given to the injured employee against one who fails to exact the certificate provided for in said Sec. 14 of the act survives against the heirs or legal representative of such person so failing, we must look to the entire act as a whole and not confine ourselves to any single section thereof.

Keeping in mind the purposes of the act and the rules heretofore laid down we are of the opinion that the appellant is correct in his contention that said Sec. 73 of the act should be construed to mean that if the deceased person used the services of another for pay his legal representatives are bound under the act. It will be noted that the phrase "using the services of another for pay" immediately follows the words "deceased person," and is separated from the words "legal representatives" by the said words deceased person. We believe that a fair construction of said section is that if the state uses the services of another for pay, it is employer, and that the same is true of any political division, any municipal corporation within the state, any individual firm, association or corporation or the receiver or trustee of the same or the legal representative of a deceased person where such person in his lifetime used the services of another for pay.

It may well be said that said Sec. 73 of the act is

ambiguous, but the English courts have placed a similar construction to ours upon a somewhat similar statute. See Dawbarn's Employers' Liability and Workmen's Compensation, Fourth Edition, p. 270. Many of the states have a very clear and unambiguous statement to the effect that the word employer includes "the legal representative of a deceased employer." Some of such states are: Connecticut, Colorado, California, Iowa, Kansas, Maryland, Massachusetts, Montana, Rhode Island, Texas, Vermont, Wyoming, and possibly others.

If we are correct in holding that the word employer should be construed as above indicated, then we can see no good reason or logic in not also holding that where a right is created under Sec. 14 of the act by reason of the failure to exact the certificate mentioned therein that that right also survives against the legal representative of the person so failing to exact the said certificate. The said section provides that where the certificate is not exacted the one so failing "shall be liable to the same extent as the contractor for compensation," etc. See *Moore et al.* v. *Copeland* (1928), 88 Ind. App. 54, 163 N. E. 235; *Makeever et al.* v. *Marlin et al.* (1931), 92 Ind. App. 158, 174 N. E. 517.

Sec. 6 of the act heretofore set out sweeps away all other rights and remedies of an employee, his personal representative, dependents or next of kin at common law or otherwise. Should we hold otherwise than above indicated, then many situations might arise where there would be no remedy afforded the injured employee. The instant case is illustrative of that situation.

We believe that the legislative intent was as we have construed the act, and that such intent is manifest from a consideration of the act as a whole.

It necessarily follows that the facts found do not sustain the award of the board as to the legal representa-

tive of the decedent, Thomas McManus. The appellant, in our opinion, has made no showing that the finding of facts would sustain any award against the heirs of the decedent, to-wit: Fred McManus, Harry McManus, Inez Brown and Carrie McManus, and we see no reason for disturbing the award as to them. The award as to Hulbert Woods should be affirmed.

It is suggested by the appellee that the record does not show that any claim was made against the decedent in his lifetime. That was not necessary. The proceedings in the Industrial Board were commenced well within the period of limitation fixed in the Workmen's Compensation Act, *supra*.

The award of the full board is affirmed as to Hulbert Woods, Fred McManus, Harry McManus, Inez Brown and Carrie McManus. As to Fred McManus, as administrator of the estate of Thomas McManus, it is reversed with instructions to the board to enter an award against said Fred McManus as such administrator, and said award to provide that the resources of Hulbert Woods be first exhausted before recourse shall be had upon said estate.

Award affirmed in part and reversed in part.

Kime, P. J., absent.