FREUND ET AL. *v.* ALLEN ET AL.

[No. 14,825. Filed February 24, 1933. Rehearing denied May 19, 1933. Transfer denied May 21, 1934.]

*Merle N. A. Walker* and *Victor R. Jose, Jr.*, for appellants.

*William E. Jeffrey*, for appellee.

WOOD, J.—The appellee, Chester E. Allen, filed his claim for compensation with the Industrial Board making the appellants, William C. Freund, his wife, Stella Freund, and Edward G. Eikman, administrator of the estate of George O. Johnson, deceased, defendants. Several partial hearings were had before single members of the board at different times. Finally, on February 19, 1932, a single member of the board made an order awarding compensation against all three of the appellants. The appellants Freund and Freund filed an application for a review of the award by the full Indus-

trial Board. On September 12, 1932, a majority of the full Industrial Board made an order awarding the appellee Chester E. Allen compensation against the Freunds and Eikman as administrator of the estate of George O. Johnson, deceased. Appellants have appealed from this award. In their assignment of errors they allege twenty-three causes for reversal. The first error assigned, that the award of the full Industrial Board is contrary to law, is sufficient to present all alleged errors sought to be presented by the record. Section 61, Indiana Workmen's Compensation Act, Acts 1929, p. 536, ch. 172, §40-1512, Burns 1933, §16437, Baldwin's 1934; *Frazer* v. *McMillan* (1932), 94 Ind. App. 431, 179 N. E. 564; *Clark* v. *Woods* (1933), 95 Ind. App. 530, 183 N. E. 804. It is not necessary to set out or consider the other errors assigned for reversal.

On June 10, 1930, the appellee Chester E. Allen and one George O. Johnson were painting on a building owned by the appellants, Freund and Freund, as tenants by the entireties. While thus engaged the scaffold on which Allen and Johnson were standing gave way, precipitating both of them to the ground, resulting in the instant death of Johnson, and injuring Allen. Neither Allen nor Johnson carried compensation insurance under "The Indiana Workmen's Compensation Act of 1929," Acts 1929, p. 536, ch. 172. The appellants Freund and Freund did not require a certificate from either of them previous to undertaking the job of painting, as required by Sec. 14 of said act.

On January 9, 1933, in response to a writ of *certiorari* issued from this court, the Industrial Board filed a corrected award. That portion of the finding of fact and award necessary to be set out for the purpose of this opinion is as follows: "The full Industrial Board of Indiana having heard the argument of counsel and having examined the briefs submitted by respective counsel

and having reviewed the evidence and being thereby duly advised in the premises, a majority of the members of said board find:

"That on and prior to June 10, 1930, one George O. Johnson entered into a contract with the defendants William C. Freund and Stella Freund whereby the said George O. Johnson was to paint the premises of the defendants William C. and Stella Freund, in the city of Indianapolis, for a consideration; that the said George O. Johnson employed the plaintiff Chester E. Allen at an average weekly wage of $30.00, to assist and perform labor in the painting of said premises pursuant to said contract with the defendants Freunds; that on June 10, 1930, the plaintiff, while engaged in said employment, received a personal injury by reason of an accident arising out of and in the course of his said employment by the said George O. Johnson, of which accidental injury the said George O. Johnson, and the defendants Freunds, had knowledge but did not furnish medical attention.

"That as a result of said accidental injury the plaintiff was totally disabled at the time of said injury and which disability continued and plaintiff was totally disabled at the time of this original hearing on November 27th, 1931.

"That since the date of said injury the said George O. Johnson has died and one Edward G. Eikman, the duly qualified administrator of his estate, is made a party defendant herein.

"Said members further find that at the time of the accidental injury to the plaintiff, the defendant George O. Johnson, had failed to comply with sections 5, 68 and 69 of the Indiana Workmen's Compensation Act of 1929, and at the time of making agreement with said George O. Johnson, the said William C. Freund and Stella Freund, had failed to exact from said George O.

Johnson a certificate from the Industrial Board of Indiana, showing that said defendant, George O. Johnson, had complied with sections 5, 68 and 69 of the Indiana Workmen's Compensation Act of 1929 as the defendants William C. Freund and Stella Freund was required to do by Section 14 of said act.

### AWARD

"It is, therefore, considered and ordered by a majority of the members of the Industrial Board of Indiana that plaintiff be and is hereby awarded as against the defendant, Edward G. Eikman, Administrator of the estate of George O. Johnson, deceased, and the defendants, William C. Freund and Stella Freund, compensation at the rate of $16.50 per week, beginning on the 17th day of June, 1930, said compensation payments to continue so long as the plaintiff is totally disabled as the result of said accidental injury.

"It is further ordered that the resources of the defendant, Edward G. Eikman, Administrator of the Estate of George O. Johnson, be exhausted before recourse is taken upon the resources of the defendants, William C. Freund and Stella Freund.

"It is further ordered that the defendants pay the necessary and reasonable medical, surgical, hospital and nurse expenses for the first thirty days following date of said injury.

"It is further ordered that all deferrred payments of compensation be brought up to date and paid in cash in a lump sum."

Appellants complain of the action of the Industrial Board in correcting its finding of facts by inserting therein the average weekly wage of the appellee Allen. Section 45 of the above act gives to the board the power to make this correction.

Appellants contend that the evidence is not sufficient to sustain the finding of facts made by the Industrial

Board. We have carefully and diligently examined all the evidence submitted at the various hearings before single members of the board and before the full board. There is competent evidence to sustain the finding of facts of the majority of the full board in every respect, except as to the appellant Stella Freund. There is no evidence in the record to sustain the finding of facts upon which the award against her is based. Where the evidence is conflicting, as in this case, except as to the appellant Stella Freund, concerning whom there is no evidence whatsoever, connecting her with the transaction out of which this controversy arose, and the Industrial Board has made a finding of facts, such finding is binding upon this court, and it will not weigh the evidence. *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 152 N. E. 856; *Moore* v. *Copeland* (1928), 88 Ind. App. 54, 163 N. E. 235.

Under Section 14 of the Workmen's Compensation Act, *supra,* it was the duty of appellants, Freunds, if they wanted to avoid liability for compensation, to exact from Johnson a certificate from the Industrial Board showing that he had complied with Sections 5, 68, and 69 of the act. Any statements made to them by Johnson, at the time the purported contract was entered into, regarding the relation existing between himself and Allen, or any inferences which they may have drawn from other facts or circumstances in the case as to the contractural relations existing between Allen and Johnson could not relieve the appellants, Freunds, from demanding the certificates. *Moore* v. *Copeland, supra.*

The Industrial Board did not commit error in refusing to admit in evidence a compensation insurance policy carried by the appellant William C. Freund, for even though he did carry such a policy, this fact would not relieve appellant Freund from exacting the certificate.

Appellants say that the Industrial Board had no jurisdiction to make an award against the estate of George O. Johnson. In the recent case of *Clark* v. *Woods, supra,* this court held that where a contractee, contracting with the injured employee's contractor did not exact from the contractor a certificate as required by Section 14, of the Workmen's Compensation Act, that the employee's right of compensation survived against said contractee's legal representatives. The contractual relation between the contractor and employee in the instant case is closer than it was in the case of *Clark* v. *Woods, supra,* where there was no direct contractual relation existing between the employee and the contractee. It follows, as a necessary conclusion, from the reasoning in that case, that the estate of George O. Johnson was liable to the appellee Allen for compensation.

Complaint is made because the award of the board does not fix a definite time during which compensation shall be paid. The board found as a fact, "That as a result of said accidental injury the plaintiff was totally disabled at the time of said injury and which disability continued and plaintiff was totally disabled at the time of this original hearing on November 27, 1931." Section 29 of the act reads as follows: "For injuries causing temporary total disability for work there shall be paid to the injured employee during such total disability but not including the first seven calendar days thereof, a weekly compensation equal to fifty-five per cent of his average weekly wages for a period not to exceed five hundred weeks." The accident occurred on June 10, 1930. The award provides for "compensation at the rate of $16.50 per week, beginning on the 17th day of June, 1930, said compensation payments to continue so long as the plaintiff is totally disabled as a result of said accidental injury." Section 29 limits the

length of time during which payments must be made. Section 40 of the act provides that in no event shall the amount of compensation to be paid exceed $5,000. Thus the law fixes the maximum amount and time for which compensation must be paid whether stated in the award or not. The award was sufficiently definite. Should there be a change in the condition of appellee Allen, the appellants have their remedy, for Section 45 of the act provides that the board shall have continuing power and jurisdiction from time to time, upon its own motion, or upon the application of either party, on account of a change in condition to make such modification and change in the award as it may deem just, subject to the maximum or minimum provided in the law.

Appellants Freunds did not offer to file their special answers as required by the rules of the Industrial Board, so there was not an abuse of discretion in refusing to allow them to be filed. Complaint is also made of the admission and rejection of certain evidence. We do not think the Industrial Board abused its discretion in this respect. The Industrial Board is an administrative body and the strict rules of law regarding the admission of evidence do not apply. *Milholland* v. *Griffiths* (1931), 94 Ind. App. 62, 178 N. E. 458; *Inland Steel Co.* v. *Pigo* (1932), 94 Ind. App. 659, 182 N. E. 279.

The award is reversed as to the appellant Stella Freund, with instructions to the Industrial Board to set the award aside as to her. The award is affirmed as to the appellants William C. Freund and Edward G. Eikman administrator of the estate of George O. Johnson, with the penalty of five per cent as provided by statute.