McIntosh v. Chicago, Indianapolis and Louisville Railway Company.

[No. 14,889.   Filed May 19, 1933.]

D. W. McIntosh and E. W. McIntosh, for appellant.

William L. Taylor, Cope J. Hanley and B. G. Stackhouse, for appellee.

KIME, P. J.—This is an appeal from an award of the Full Industrial Board upon an application for review on account of a change in conditions, wherein it was found by the board that a disability suffered by appellant (for which disability appellant had been receiving compensation under a previous award of the board) had ended, and wherein it was ordered that payment of compensation for said disability should end.

From the assignment of errors we find nine purported assignments of error, but the first, "that the award of the board is contrary to law" is sufficient to raise all questions.

It also appears from the record that appellant had received compensation, under an agreement approved by the board, from June 1, 1931, to May 15, 1932, at the rate of $16.60 per week. An application was filed near the last date above asking a review on account of change in condition. The board, by a majority vote, found that the disability had ended on May 15, 1932, and ordered that payments end as of that date.

From the record it appears that the evidence concerning termination of disability is conflicting. There is evidence of two medical witnesses (Arnett and Turner) that the disability had ended.

Where there is evidence which is conflicting and there is any competent evidence to sustain the Board this court cannot disturb the award. *Freund* v. *Allen* (1933), (Ind. App.), 184 N. E. 421 and cases there cited.

Appellant also complains because appellee, after argument before the Full Board, submitted briefs. We see nothing wrong with this practice as it is consistently followed by the Board.

The award of the Industrial Board is therefore affirmed.