CUNNINGHAM ET AL. *v*. COLEN

[No. 16,517.   Filed January 22, 1940.]

*L. Russell Newgent,* and *William B. Miller,* for appellants.

*Russell 1. Richardson,* and *Alex G. Cavins,* for appellee.

CURTIS, J.—This was an action for compensation before the Industrial Board by the appellee, Clarence M. Colen, against the appellant. The claim alleged that the appellee was an employee of the appellant's and that he was injured while so employed on October 16, 1937, while tin plating a coil pasteurizer for milk for the appellants, and that such injury occurred when a blow torch he was using caught on fire and sprayed the appellee with gasoline and burnt him on the body. It was further alleged that the appellee's earnings were $30.00 per week.

This is the second appeal of the case, the first appeal being reported under the title of *Cunningham*

*et al.* v. *Colen* (1939), 106 Ind. App. 387, 20 N. E. (2d) 200.

The issues were made by the claim and the denial thereto. The hearing member found against the appellants and on review ʽby the full Industrial Board, said full Board reached the same conclusion and awarded compensation to the appellee at the rate of $10.67 a week, beginning October 23, 1937 during his total disability, but not to exceed the period fixed by law, and that the appellants should pay the medical and surgical services for the first 90 days following the accidental injury and the cost of the proceedings. It is from the above award that this appeal was prosecuted. Among the errors assigned is the following; "That the final award of the full Board is contrary to law." This assignment properly presents all error sought to be presented.

So much of the finding and award as is necessary to an understanding of this opinion is as follows:

"AND BE IT FURTHER REMEMBERED, that on September 3, 1938, plaintiff filed his application for the adjustment of a claim for compensation; that a hearing on said application was had; that a finding and award was made in favor of the plaintiff; that an application to review by the full Industrial Board was filed and that a hearing was had before the full Industrial Board, the full Industrial Board subsequently affirming the finding and award of the single member; that an appeal from said finding and award of the full Industrial Board was taken to the Appellate Court and on April 10, 1939, the Appellate Court entered its finding, judgment and decision in said cause by the terms of which the award of the full Industrial Board was reversed and said cause was remanded to the full Industrial Board for further disposition.

"That is pursuant to said decision of the Ap-

pellate Court the Industrial Board assigned this cause for hearing June 7, 1939.

"AND BE IT FURTHER REMEMBERED, that when said cause came on for hearing before the single member of the Industrial Board it was stipulated and agreed that all the evidence taken at the time of the hearing before the single member on October 19, 1938, should be considered as introduced and read in evidence and made part of the record in this cause, and that thereafter parties introduced additional evidence.

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence taken at the time of the original hearing on October 19, 1938 and the evidence taken at the time of the hearing on June 7, 1939, now finds that on October 16, 1937, while in the employ of the defendants at an average weekly wage of $19.40, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment of which the defendants had knowledge and furnished medical attention; that as the result of said accidental injury plaintiff has been totally disabled since the date thereof and is so disabled at the time of this hearing.

"It is further found that defendants have paid the hospital bill incurred during the first 90 days following the accidental injury.

"It is further found that defendants have not paid the necessary medical and surgical services incurred during the first 90 days following the accidental injury."

The award was in accordance with the finding.

In the first appeal of this case to which reference has been made herein this court very aptly said (p. 388): "This court cannot discharge a duty imposed upon the Industrial Board by our Compensation Law, § 40-1201 et seq. Burns Ann. St. 1933, § 16377 Baldwin's 1934. We cannot rightfully examine the evidence to see if evidence exists from which the board

might have found an essential fact which it failed to find, and which, if found, would in connection with the other facts embraced in the finding of the board constitute a proper basis for an award of compensation, then proceed as though the board had discharged its duty in this respect. Ultimate facts sufficient to sustain an award of compensation in favor of an injured employee must be found by the Industrial Board.

"Appellants challenge the sufficiency of the evidence to sustain the finding made relative to appellee being an employee, asserting that the uncontradicted evidence shows him to have been an independent contractor. They also contend that there was no evidence from which the board could by any method provided by our compensation act determine the amount of average weekly wage of appellee. Because of the board's failure to make a finding upon which a legal award can be based, we need not in this appeal determine either contention, but, after reading all the evidence, we are of the opinion that, at the request of either of the parties, or in the discretion of the board, additional evidence bearing upon appellee's weekly wage should be heard.

"In the instant case the finding of facts is silent as to the character and extent of the injury, and because of this, such finding is not sufficient upon which to base an award. The award is therefore, contrary to law, and is reversed, with instructions for further proceedings consistent with this opinion."

Substantially the same contentions are made by the appellants in the instant case as were made in the said first appeal. There is this difference. In ██ the instant case the board heard additional evidence and has made the additional findings that were omitted as disclosed by the first appeal. We,

therefore, proceed to consider all of the contentions of the appellants herein. The board found "that as the result of said accidental injury plaintiff has been totally disabled since the date thereof and is so disabled at the time of this hearing." That part of the finding sufficiently satisfies the requirement that the character and extent of the injury be found. It was thus found to be totally disabling and continuing at the time of the hearing. It was sufficiently definite. See *Freund* v. *Allen* (1934), 98 Ind. App. 660, 184 N.E. 421. We have read the evidence carefully. In our opinion it was ample to sustain the finding that the appellee was an employee and not an independent contractor and that there was sufficient evidence upon which to base the finding as to the average weekly wage of the appellee.

The questions to be considered in determining who is an employee and who is an independent contractor have been so fully and carefully considered in many recent cases that we do not feel justified in extending this opinion by a discussion of them. We cite some of the more recent decisions: *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N.E. 293; *Schad* v. *Scully* (1931), 93 Ind. App. 236, 177 N.E. 900.

There was ample evidence by which the board could make a determination under the statute of the average weekly wage of the appellee.

We have found no reversible error. Award affirmed with the usual statutory penalty of 5 per cent.