PINE, Adm'r, v. DAVIS et al.

No. 31291. Jan. 18, 1944.

Rehearing Denied Feb. 8, 1944.

*145 P. 2d 378.*

518

Hiatt & Hannigan, of Okmulgee, for petitioner.

Sandlin & Balch, of Holdenville, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by William H. Pine, administrator of the estate of W. B. Pine, deceased, hereinafter referred to as petitioner, to obtain a review of an order of revivor which was made by trial commissioner of the State Industrial Commission on December 30, 1942, in a compensation proceeding which had theretofore been instituted against W. B. Pine in his lifetime by A. C. Davis, hereinafter referred to as respondent.

The relevant facts are not in dispute. On May 10, 1935, respondent, while in the employ of W. B. Pine and engaged in a compensable employment, sustained an accidental personal injury. Respondent filed with the State Industrial Commission, in due time, employee's first notice of injury and claim for compensation for disability alleged to have resulted from said injury. The State Industrial Commission upon consideration of the aforesaid claim, on July 3, 1935, entered an order in which it found that the disability sustained by respondent had not extended beyond the 5-day waiting period, and for said reason denied compensation but directed payment of medical expenses which respondent had incurred as a result of the injury. Respondent continued to discharge the duties of his employment and to draw his regular wages therefor until September 24, 1935, when he went to a hospital for an operation by a surgeon of his own choice for the purpose of procuring relief from a fistula from which respondent had been suffering. Respondent was confined to the hospital until October 28, 1935, but was paid his regular wages during said time. Respondent returned to his employment and continued therein until August 12, 1942, when he voluntarily quit. On June 15, 1942, respondent filed with the State Industrial Commission a motion for hearing on his claim to compensation and a determination of the extent of permanent disability which he had sustained as a result of the injury of May 10, 1935. The employer, W. B. Pine, filed an objection to any further hearing of the claim. The objection so interposed was overruled and the trial commissioner proceeded to conduct hearings to determine liability and extent of disability. On or about August 27, 1942, before the hearings so instituted had been concluded, said W. B. Pine departed this life intestate. Petitioner was in due time appointed administrator of the estate of W. B. Pine, deceased, and qualified as such. Respondent thereupon filed a motion with the State Industrial Commission to revive the compensation proceeding against the petitioner and to obtain the completion of the proceeding and an award. The petitioner filed a special appearance and a plea in abatement in which he challenged the jurisdiction of the State Industrial Commission to make any further order or award in the proceeding. The plea in abatement was denied and the proceeding was ordered revived as against the petitioner. No ap-

peal was had to the commission sitting en banc, but this proceeding was instituted here to obtain a review of said order.

The error and illegality in the order is said to consist in the lack of any authority of the State Industrial Commission to revive a compensation proceeding in a case where the employer dies during the pendency thereof and before any order or award has been made therein.

Petitioner, as preliminary to presentation of the decisive issue involved, suggests that there may be some question regarding our jurisdiction to inquire into the validity of an order of the nature of the one here involved, and cites a number of decisions, principally from other jurisdictions, which inferentially support the claim of jurisdiction to review the order here under consideration. It suffices to say that in National Mutual Casualty Co. v. Briscoe, 188 Okla. 440, 109 P. 2d 1088, we reviewed an order of revivor which was challenged on the ground that it had been made in pursuance of the provisions of an unconstitutional statute. That this court will inquire into the validity of an order of the State Industrial Commission which is dependent upon the existence of jurisdiction has been held in Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217.

We proceed to inquire into the decisive issue presented, that is, whether the State Industrial Commission had jurisdiction to enter the order of revivor under review.

That the State Industrial Commission is a purely statutory tribunal of limited jurisdiction is too well settled to require any extensive citation of authority. See, however, Tri-State Casualty Co. v. Speers, 189 Okla. 191, 115 P. 2d 130; Sartin v. Moran-Buckner Co., 189 Okla. 178, 114 P. 2d 938; Parkhill Truck Co. v. Emery, 166 Okla. 280, 27 P. 2d 333; O'Mara v. Andrews, 146 Okla. 57, 293 P. 257, 72 A. L. R. 1007; Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846.

And as said in Hickman v. Gumerson, 190 Okla. 514, 125 P. 2d 765:

"The right to compensation for injury under the Workmen's Compensation Act is purely statutory. The act creates the right and provides the remedy, which is by summary special proceedings. Lahoma Oil Co. v. State Industrial Com., 71 Okla. 160, 175 P. 836; Smith v. Baker, 157 Okla. 155, 11 P. 2d 132; Birmingham Belt R. Co. v. Ellenburg, 215 Ala. 395, 111 So. 219."

The Workmen's Compensation Act, supra, is complete, comprehensive, and exclusive in the field in which it operates and provides both the relief to be afforded and the method to be employed in the administering thereof. Thereunder the State Industrial Commission is vested with jurisdiction to administer the act, and the jurisdiction thus conferred is limited to the purposes of the act. See Spaulding & Osborne v. Pacific Employers Ins. Co., 192 Okla. 154, 134 P. 2d 581. The jurisdiction so conferred is to be ascertained by reference to the act (Schuermann v. Hacker Mill & Elevator Co., 189 Okla. 43, 113 P. 2d 389) and not by resort to common law rules. See Brooks v. A. A. Davis & Co., 124 Okla. 140, 254 P. 66.

With the rules announced in the foregoing cases in mind, an examination of the statute must be resorted to and thus alone determine whether or not the order under review is one which the State Industrial Commission had jurisdiction to enter. An examination reveals that whereas the statute by section 48 thereof makes provision for survival of a claim or an award in the event of the death of an employee; it makes no such specific provision in the event of the death of an employer. It does not follow, however, therefrom that the act does not authorize the State Industrial Commission to continue with a pending proceeding upon the death of an employer. On the contrary, we think that it expressly provides for such contingency. Sec. 3, subd. 3, of the act, supra, provides in part as follows:

"(3) 'Employer,' except when otherwise expressly stated, means a person,

partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment. . . . ."

It must be borne in mind that the purpose of the Workmen's Compensation Act was to abrogate the common-law rights and remedies between master and servant in certain employments and to provide new and different methods of extending relief to employees injured or disabled in such employments and to afford protection to employers therein from litigation arising out of injuries to the employee, and that in pursuance of the purpose to avoid delay and technical defects in the administration of the act the foregoing provision was inserted so that irrespective of death or other fortuitous cirsumstance the employer would be subject to orders, decisions, and awards made in connection with the compensation proceeding without resort having to be made to the laws relating to estates or litigation or other fortuitous circumstances which might involve the employer. That this construction of the foregoing provision is both a fair and reasonable one we think is made apparent by the provisions which deprive an injured employee of resort to any other forum than the State Industrial Commission to obtain the compensation to which he may be entitled under the provision of the Workmen's Compensation Act. In the cases of Clark v. Woods, 95 Ind. App. 530, 183 N. E. 804, and Freund v. Allen, 98 Ind. App. 660, 184 N. E. 421, the Appellate Court of Indiana, in construing a similar provision in the Workmen's Compensation Law of that state, held an employer included the legal representative of the deceased employer. We are of the opinion that the conclusion so reached is sound both in premise and conclusion. We hold that the intent and purpose of the provision quoted, supra, is to render the legal representative of the deceased employer ipso facto the employer in a proceeding pending before the State Industrial Commission up-

on the death of the employer, and that no formal action other than that of substitution in the proceeding is necessary, and that the order of revivor under review had for its purpose merely such effect, and therefore required no particular method of procedure to be pursued in making the order other than notice to the petitioner and giving him an opportunity to be heard thereon.

The order being one which the State Industrial Commission had jurisdiction to make, and no other alleged error being presented, it becomes our duty to sustain the order.

Order sustained.

GIBSON, V. C. J., and BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C. J., and RILEY, OSBORN, and DAVISON, JJ., absent.