ADA COCA-COLA BOTTLING COMPANY
and Equity Mutual Insurance Company, Petitioners,

v.

Beulah Brown SNEAD and the State
Industrial Court, Respondents.

No. 39204.

Supreme Court of Oklahoma.

May 31, 1961.

Kerr, Lambert, Conn & Roberts by R. Burl Harris, Ada, for petitioners.

D. C. Willoughby, Ada, Claud Briggs, Carrol Womack, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is the second proceeding to review an award involving the same accident. The first was disposed of in Ada Coca-Cola Bottling Co. et al., v. State Industrial Commission et al., Okl., 341 P.2d 568, where an award was vacated: Thereafter, on the 13th day of December, 1959, claimant died and the proceeding was revived in the name of Beulah Brown Snead, widow of claimant. An award for permanent total disability was subsequently entered by the State In-

dustrial Court on May 31, 1960. This proceeding is brought by Ada Coca-Cola Bottling Company, employer, and its insurance carrier, Equity Mutual Insurance Company, to review the award.

One of the propositions argued by petitioners in their brief is to the effect that the State Industrial Court erred as a matter of law in making an award for disability without first finding that the claimant died as a result of a cause or causes other than the accidental injury. To this argument, claimant answers that it is not now necessary for the State Industrial Court to make such a finding.

For a clear exposition of the respective contentions of the parties, we set out portions of the Workmen's Compensation Law having to do with the situation where the injured workman died, and a brief history of Workmen's Compensation legislation in Oklahoma.

85 O.S.1951 § 41, provides in the last paragraph:

> "An award for disability may be made after the death of the injured employee, *when death results from causes other than the injury.*" (Emphasis supplied.)

85 O.S.1951 § 48, provides in part as follows:

> " * * * Compensation and benefits shall be paid only to employees; provided, however, that an award made to a claimant under the provisions of this chapter shall, in case of death of claimant, *due to a cause other than the injury for which he has been awarded compensation,* be payable to and for the benefit of the persons following: * * *". (Emphasis supplied.)

When the Oklahoma Workmen's Compensation Law was first enacted, Article 23, Section 7 of the Oklahoma Constitution provided as follows:

> "The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

Until 1950, all Workmen's Compensation legislation was enacted with a view toward the above provision of the Constitution, which effectively prevented any death benefit provisions.

In 1950, Article 23, Section 7 was amended by the addition of the following proviso:

> " * * * provided, however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive."

In 1951, pursuant to the amendment to the Constitution, the Legislature amended 85 O.S.1951 § 48, by adding the emphasized clause in the portion quoted herein; it repealed 85 O.S.1951 § 121, which was a "saving clause" designed to protect the Workmen's Compensation Law from the constitutional prohibition contained in Article 23, Section 7 before its amendment; and it also added the death benefit provisions of our present Workmen's Compensation Law. However, the Legislature did not amend the last paragraph of 85 O.S.1951 § 41, which remains as above set out.

Petitioners in their brief rely upon Oklahoma Furniture Mfg. Co. v. Douglas et al., 193 Okl. 498, 145 P.2d 180, 181, a 1943 case, and quote the "editor's syllabus" from the Pacific Reporter based upon the following paragraph from the syllabus by the court:

> "Where an employee dies as a proximate result of an accidental personal injury, the State Industrial Commission is thereupon deprived of jurisdiction to make any award in favor of his dependents. 85 O.S.1941, §§ 41, 48, 121; sec. 7, art. 23, const."

Petitioners argue that pursuant to this rule and the applicable statutes, a finding that death resulted from a cause or causes other than the injury for which an award for disability is sought, is jurisdictional in the instant case; that since the order of the State Industrial Court contains no such finding, it is fatally defective.

Claimant agrees in her brief on appeal that the rule in the Oklahoma Furniture Mfg. Co. case was the law in 1943, when the case was decided, but argues that in view of the amendments to the constitution and statutes since then, it is no longer applicable. Of course this is true as regards death benefit cases; but the instant case rests upon a claim for disability before death where the only award was made after the death of the injured worker. It is not a death benefit case and is not a revivor of an award made prior to death.

Claimant says that "all of the statutory and constitutional limitations upon the jurisdiction of the Industrial Court to make an award for disability in injury cases resulting in death which the court relied on in Oklahoma Furniture Mfg. Co. v. Douglas, supra" have been removed. This is not entirely correct. The last paragraph of 85 O.S.1951 § 41, cited in the quoted syllabus, and which was not amended after the constitutional amendment, may logically be said to be a limitation upon the jurisdiction of the State Industrial Court, at least by implication.

However, in any event, after the amendment of Article 23, Section 7 of the Constitution, the legislature did not see fit to enact any new legislation expressly authorizing the State Industrial Court to make awards after death for disability from the injury for which the award is sought. In this connection, note that the State Industrial Court is a court of limited jurisdiction. Pine v. Davis, 193 Okl. 517, 145 P.2d 378; 58 Am.Jur. Workmen's Compensation, Sec. 371. Its jurisdiction is therefore limited to those matters which are expressly or by necessary implication delegated to it by proper legislative enactment. Union Indemnity Co. v. Saling, 166 Okl. 133, 26 P.2d 217. Claimant does not cite, and we are unable to find, any statute granting to the State Industrial Court jurisdiction to make an award after death for disability of the injured employee where death resulted from the injury for which the award is sought.

Claimant cites 12 O.S.1951 §§ 235, 1051 and 1052 (abatement and survival statutes) and 1053 (giving cause of action for wrongful death), and cases construing these sections, in support of the following proposition: that the cited sections gave two separate causes of action—one for injury, one for wrongful death; that "for every wrong there is a remedy"; that in enacting the Workmen's Compensation Law, the legislature took away the right of the injured employee, and his successors, to prosecute either cause of action in courts of general jurisdiction (at least as regards employers) and substituted therefor the right to prosecute the actions before the Industrial Court; that since the amendment of Article 23, Section 7 of the Constitution, there is no longer any constitutional reason why both causes of action cannot survive in compensation cases regardless of cause of death; that the jurisdiction of the State Industrial Court is not now limited in this regard by any constitutional or statutory provision.

We have previously said that the last paragraph of 85 O.S.1951 § 41, may be, by implication, a statutory limitation upon the jurisdiction of the State Industrial Court. However, disregarding this possibility entirely, the above argument still is of no assistance to claimant because the State Industrial Court is a court of *limited* jurisdiction. It is not enough for claimant to say that there is no limitation upon the jurisdiction of the Court in this regard; she must point out legislative enactments "expressly or by necessary implication" giving the Court authority to make the award concerned. The last paragraph of 85 O.S. 1951 § 41, confers the necessary jurisdiction only "when death results from causes other than the injury".

The question raised herein is basically one of jurisdiction. Since the order of the State Industrial Court does not contain a finding bringing it within the terms of said Section 41, we are unable to determine this jurisdictional question.

¶ It is the duty of the State Industrial Court to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant. Corzine v. Traders Compress et al., 196 Okl. 259, 164 P.2d 625.

¶ Where the findings of fact and conclusions of law of the State Industrial Court are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order. Corzine v. Traders Compress et al., supra.

Award vacated.

WILLIAMS, C. J., BLACKBIRD, V. C. J. and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.