**R & R TRUCKING, INC., and CNA Insurance, Petitioners,**

v.

**Don VINSON, and the Workers' Compensation Court, Respondents.**

**No. 76517.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 17, 1991.

Gary Bova, Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, for petitioners.

John Morris Williams, Krasnow & Williams, Oklahoma City, for respondents.

BAILEY, Judge:

Petitioners R & R Trucking, Inc. and CNA Insurance (collectively Employer) seek review of an order of the Workers' Compensation Court sitting *en banc* directing payment of interest on accrued portions of an award of permanent total disability (PTD) to Respondent Don Vinson (Claimant). Herein, Employer asserts error in so ordering payment of interest.

.Claimant sustained severe on-the-job injuries in 1987, for which, by order dated November 28, 1988, the Trial Court awarded Claimant benefits for PTD, and directed payment of accrued PTD in the sum of $7,269.50 "less tax and attorney fees and less credit due" Employer. The Trial Court allowed Employer this "credit" for overpayment of benefits for temporary total disability (TTD) in the sum of $1,302.00 to be deducted "from the latter end of the award." Employer appealed to the Court *en banc*, which affirmed.

Employer then commenced an action for review in the Supreme Court, styled *R & R Trucking, Inc. v. Vinson*, and assigned Case No. 73,245. On assignment of Case

No. 73,245 to this Court, the Court of Appeals, Division I, affirmed that part of the lower court's order adjudicating Claimant's PTD, but found that part of the lower court's order allowing credit for overpayment "from the latter end" of the PTD award to constitute "no deduction" at all, vacated that part of the order, and remanded the cause "for the limited purpose of clarification as to when the [Employer] may deduct its awarded credit for overpayment of [TTD] from [Claimant's] [PTD] payments."[1] The Supreme Court denied Employer's petition for certiorari to review the Court of Appeals' opinion in Case No. 73,245 on September 18, 1990.

On remand by order dated October 4, 1990, the Workers' Compensation Court *en banc* entered its "Order on Mandate," directing Employer "to pay interest on the accrued portion of said award at the rate of 18% per year from the date of the award." On October 24, Employer commenced the instant action for review,[2] and asserts here-

in (1) the lower court erred in awarding interest from the date of the award under 85 O.S.1981 § 3.6,[3] Employer having prevailed in obtaining "modification" of the award, and (2) because interest may not be awarded upon Employer's successful action for "modification" under § 3.6, the Workers' Compensation Court's exceeded its jurisdiction in ordering payment of interest.[4]

■■■ Under the facts and circumstances of this case, we find no error nor excess of jurisdiction by the Workers' Compensation Court in assessing interest against Employer from the date of the award. In that regard, we read § 3.6 as imposing interest on funds to which Claimant has been adjudicated entitled, but otherwise withheld by the employer and/or the employer's insurance carrier, and to the extent Claimant's award remains undisturbed on appeal, we find Claimant entitled to interest thereon. We therefore hold § 3.6 proscribes assessment of interest

---

1. *R & R Trucking, Inc. v. Vinson*, No. 73,245 (Okl.App., Div. I, April 24, 1990) (unpub. op. by Hunter, V.C.J.), at pp. 3–4.

2. The parties also suggest in their briefs that after issuance of the "Order on Mandate" by the Court *en banc*, the Trial Court held a supplemental hearing on the "credit for overpayment" issue pursuant to the directions on remand, that "on January 4, 1991, the [Trial Court] issued an 'Order on Remand,' holding in abeyance the question of interest due to the pendency of this appeal," and that "due to the date of issuance of the Order on Remand from the trial court, [the trial court's order] was not designated as part of the record" in this original review proceeding.

3. Section 3.6 of Title 85, Oklahoma Statutes (1981) provides in pertinent part:
   A. ... [W]hen the order of the Judge of the [Workers' Compensation] Court making an award to a claimant is appealed by the employer or the insurance carrier, interest in the amount of eighteen percent (18%) per year shall be allowed on the accrued amounts of the award due from the date the award was filed, if the award is not modified or vacated on appeal.
   And see, 85 O.S.1981 § 42 ("If payment of compensation ..., except in case of appeals from an award, be not made within ten (10) days after the same is due ..., the Court may order a certified copy of the award to be filed in the office of the court clerk of any county, ..., ... entered on the judgment docket ..., and [such award so filed] shall have the same force ... as judgments of the district court. Any compensa-

tion awarded and all payments thereof directed to be made by order of the [Workers' Compensation] Court shall bear interest at the rate of eighteen percent (18%) per year from the date ordered paid by the Court until the date of satisfaction thereof.")

4. See, e.g., *Bagley v. Big "E" Industries*, 776 P.2d 569 (Okl.App.1989) ("It is well settled that the [Workers' Compensation Court] is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law"); accord, *Cities Service Gas Co. v. Witt*, 500 P.2d 288, 291 (Okl.1972); *Pine v. Davis*, 193 Okl. 517, 145 P.2d 378 (1944); *Bryant–Hayward Drilling Company v. Green*, 362 P.2d 676 (Okl.1961).
   And cf., *First Baptist Church, Bristow v. Holloway*, 402 P.2d 260, 262 (Okl.1965) (decided before enactment of § 3.6; held, absent statutory authority, the industrial court has no power to assess interest at time of award, and 85 O.S.1961 § 42 does not allow assessment of interest where timely appeal from award was lodged); with, *Spec. Indem. Fund v. Horne*, 276 P.2d 240, 242 (Okl.1954) (Workers' Compensation award is not judgment, and authorization for interest thereon must be found in Workers' Compensation statutes; held, under 85 O.S.1951 §§ 29, 41 and 42, claimant properly allowed interest from date of award until date of payment regardless whether appeal was taken, finding "no indication [in § 42 that awards] should not draw interest while an appeal is pending and no reason appears why it should not from the language of" § 42).

only (1) where the award is "vacated" *in toto* on appeal, or (2) on that portion of the award "modified" on appeal. Thus, in the present case, Employer should be held liable for interest on that part of Claimant's award, *but only on that part of the accrued portion of the award after adjustment for Employer's overpayment of temporary total disability,* and the Trial Court so held.

The order of the Workers' Compensation Court sitting *en banc* assessing interest from the date of the award is therefore SUSTAINED.

GARRETT, P.J., and ADAMS, J., concur.