## ZEIDLER ET AL. v. PRUEHER.

[No. 12,622. Filed November 23, 1926. Rehearing denied February 24, 1927.]

MASTER AND SERVANT.—*Workman employed to patch roof was "casual" employee where job required only five hours' work.*— One employed to patch the roof of rental property, the job requiring his services for only five hours, and that being his second employment during a period of two years, was a "casual" employee within the meaning of cl. (b) of §76 of the Workmen's Compensation Act (§9521 Burns 1926).

From Industrial Board of Indiana.

Application for compensation under the Workmen's Compensation Act by Peter Prueher, employee, opposed by Earl Zeidler, his employer, and another. From an award of compensation, the defendants appeal. *Reversed.* By the court in banc.

*Isidor Kahn* and *Adolph F. Decker,* for appellants.

*Albert W. Funkhouser, Arthur F. Funkhouser, Robert D. Markel* and *Frank C. Gore,* for appellee.

REMY, J.—Appellant Zeidler, hereinafter designated appellant, was a florist. He had no other business or occupation. Besides the real estate used in conducting his business, appellant and his wife owned five dwelling houses which they rented. One of the rentals having been damaged by fire, appellee, who was a carpenter, was employed to repair the roof. The work was such as would require the services of appellee for approximately five hours. While making the repairs, appellee fell from the roof and was injured. For a period of fifteen years prior to the accident, appellee had done occasional jobs of carpenter work for appellant. Including the work he was doing at the time of the accident, appellee, during the two years immediately preceding that date, had been employed by appellant on but two occasions; on the occasion in question he worked three and one-half hours; the other, two and

one-half days. For the injuries received while repairing the roof, appellee filed with the Industrial Board his application for compensation. At the hearing, the evidence without conflict established, and the board found, the facts as above stated, and awarded compensation.

The one question presented by this appeal, and which will require consideration, is: Was the employment of appellee at the time of his injury casual employment within the meaning of clause (b) of §76 of the Workmen's Compensation Act (Acts 1919 p. 175, §9521 Burns 1926), which provides that an employee shall include every person lawfully in the service of another under any contract of hire "except one whose employment is both casual and not in the usual course of the business, trade, occupation or profession of the employer?"

As is correctly stated by the Supreme Court of Massachusetts, in the well-considered case of *In re Gaynor* (1914), 217 Mass. 86, 104 N. E. 339, L. R. A. 1916A 363: "The word 'casual' is in common use. Its ordinary signification, as shown by the lexicographers, is something which comes without regularity and is occasional and incidental. Its meaning may be more clearly understood by referring to its antonyms which are 'regular,' 'systematic,' 'periodic' and 'certain.'"

So far as the use of the word "casual" is concerned, the statute under consideration in the Gaynor case, *supra*, is the same as in the Indiana statute. Such being the meaning of the word "casual" as used in clause (b) of §76, Workmen's Compensation Act, *supra*, it follows that the employment of appellee was casual within the meaning of the statute.

The engagement of appellee to patch the roof was for a job that would have required his services for only five hours, and during a period of two years appellee had been employed but one other time, and that was to do

a carpenter job which required his services but two and one-half days. It would be difficult to find a better illustration of casual employment.

Cases supporting the conclusion we have reached are: *Blood* v. *Industrial Acc. Comm.* (1916), 30 Cal. App. 274, 157 Pac. 1140; *Bailey* v. *Humrickhouse* (1925), 83 Ind. App. 497, 148 N. E. 428.

Reversed.