## MASON *v.* WAMPLER.

[No. 13,551. Filed June 21, 1929.]

*John A. Riddle,* for appellant.

*William H. Thompson, Albert L. Rabb, Thomas D. Stevenson* and *Thomas A. Stewart,* for appellee.

McMahan, C. J.—Appellant is a carpenter, and as such was employed by appellee to work with other carpenters to remodel a dwelling house then owned by appellee and used by him as a residence. On the first day of such employment, while assisting in lowering the roof, appellant received an accidental injury which arose out of and in the course of his employment. His application for compensation was denied. At the time of such injury and for twenty years prior thereto, appellee owned and operated a restaurant and confectionery business, and had no other business, trade or profession. The house upon which appellant was working was not used in connection with appellee's business.

The Industrial Board found that appellant's employment was casual and not in the usual course of appellee's business, and for that reason denied compensation. Appellant had never worked for appellee prior to the day of his injury. Appellee was not and never had been engaged in the business of building or remodeling houses. He had, however, built two residences for his own use.

Section 76 of the Workmen's Compensation Act, §9521 Burns 1926, defines "employee" as a person lawfully in the services of another under any contract of hire "except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

Appellant contends that we can say as a matter of law that he was not a casual workman and that he was employed in the usual course of the business of appellee. In *Domer* v. *Castator* (1925), 82 Ind. App. 574, 146 N. E. 881, the employee had been awarded compensation, and the employer, on appeal, contended the award was not sustained by sufficient evidence. The evidence was held sufficient. In the instant case, appellant is asking that we reverse the award upon the evidence. This we cannot do.

In *Blood* v. *Industrial Acc. Commission* (1916), 30 Cal. App. 274, 157 Pac. 1140, Blood owned a two-story building consisting of a storeroom below and two flats above. A painter was employed to paint the building, and while so employed to paint the building was injured. An award of compensation was annulled, the court holding the employment was not in the usual course of any business of the employer.

In the case of *H. Roy Berry Co.* v. *Industrial Comm.* (1925), 318 Ill. 312, 149 N. E. 278, the employer was a corporation engaged in subdividing and selling real estate for owners. The employee sustained the injury while engaged in tearing down an old barn on one of the pieces of real estate to be sold by the company. The employment in that case was not in the usual course of business, the court saying: "The work on every structure, whether of construction or destruction, however, is not necessarily an enterprise or business. . . . Tearing down the barn in question was not a part of ordinary subdivision work. It was not a work of independent im-

portance or a source of profit to the plaintiff in error. It was a work merely incidental, casual and temporary in character."

The word "casual" is in common use, and, as was said in *In re Gaynor* (1914), 217 Mass. 86, 104 N. E. 339, L. R. A. 1916A 363: "Its ordinary signification, as shown by the lexicographers, is something which comes without regularity and is occasional and incidental. Its meaning may be more clearly understood by referring to its antonyms which are regular, systematic, periodic, and certain." See, also, *Zeidler* v. *Prueher* (1926), 85 Ind. App. 627, 154 N. E. 35.

Appellant's employment was not in the usual course of the "business, trade, occupation or profession of the employer," and we cannot say as a matter of law that it was not casual. We are not impressed with the contention that it was necessary for the defendant to file a special answer alleging that appellant's employment was casual and not in the usual course of the business, trade or profession of the employer.

Affirmed.