MAKEEVER ET AL. *v.* MARLIN ET AL.

[No. 14,158.   Filed January 29, 1931.]

*Hanley & Hanley,* for appellants.
*Barce & Barce* and *Halleck & Halleck,* for appellees.

KIME, J.—The facts as shown by the evidence are substantially as follows: Appellant Makeever was the owner of several farms, but resided in town. The windmill on one farm being damaged, Makeever contracted by telephone with appellant Biggs, a plumber and windmill repairman, to install a new millhead for $55. Biggs had installed several other heads on mills of Makeever at the same price. Nothing was said as to whether Biggs would do the work himself or send some of his employees to do it. No instructions were given Biggs or his employees. Neither Makeever nor any agent of his was present when the work was being done. No demand was made upon Biggs for a certificate from the Industrial Board showing that he had complied with §§5, 68 and 69 of the Workmen's Compensation Act. Makeever has never given notice of any election to be bound by the Workmen's Compensation Act. Biggs sent appellees' decedent and another, his regular employees, to do the work, and, while so employed, appellees' decedent was

killed in a fall from the mill. Appellees' decedent earned $22.75 per week. Appellees were dependents.

The Industrial Board found the facts to be substantially as outlined above. Their award was in favor of the appellees against the appellants at the rate of $12.507 for 300 weeks, including attorney's fee as per schedule of the board, $100 burial expense and ordered that the property of Biggs and the William Biggs Plumbing Company be first exhausted before recourse be had to property of Makeever.

The appellant Makeever assigns as error the following specifications, namely that the award is contrary to law and that the award is not sustained by sufficient evidence and the exclusion of certain evidence. These questions are presented: (1) Was the appellees' decedent engaged in farm labor? (2) Was he a casual laborer? (3) Was the appellant Biggs an independent contractor? (4) Was appellant Makeever compelled to exact a certificate from appellant Biggs showing that he (Biggs) had complied with §§5, 68 and 69 of the Workmen's Compensation Act?

Assuming that a good definition of *farm laborer* is— "one who devotes his time to ordinary farm labor as a gainful occupation with some reasonable degree of regularity and continuity," Workmen's Compensation Law, §3, subd. 1, group 18, New York, can it be said by any stretch of imaginative thought that the decedent here was a farm laborer? The Supreme Court of Minnesota reasons in this manner: "A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employee of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employee of a well digger become a farm laborer while stabling horses

used on the drilling outfit. But a farmer's hired man would not cease to be a farm laborer while adjusting harvesting machinery or stabling the horses of a contractor drilling a well on the place. The modern farm laborer doubtless does much work on the rapidly increasing electrical equipment on farms. He continues a farm laborer while he does it. But an electrician sent out from town to do the same thing would not become a farm laborer for the occasion. So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes onto the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one.

"Inasmuch as farm laborers are not subject to the Compensation Law and most others are, two men, for example a farm laborer and the expert mechanic employed by the implement dealer, may be engaged on the same task and be injured, both of them, by the same accident, and yet only one be entitled to workmen's compensation. Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer. That is what is meant by the statement that it is 'the character of the work which the employee is hired to perform, which is the test of whether the employee is a farm laborer.' *Austin* v. *Leonard, etc.* (1929), 177 Minn. 503, 225 N. W. 428, 429. It is so clear that in this case the injured employee, at the time of his injury, was employed as a carpenter and doing the work of one that the decision that he was not a farm laborer is right as a matter of law." *Peterson* v. *Farmer's State Bank* (1930), 180 Minn. 40, 230 N. W. 124.

Under the evidence, decedent Marlin could not possibly have been a "casual" or "farm laborer." The evidence is clearly uncontradicted that appellant called Biggs (who testified that his business was plumbing, heating, installing furnaces, repairing windmills, etc.) on the telephone and specifically contracted for the purchase of a new mill or mill head and for the installation thereof. This court cannot possibly conceive how decedent Marlin, who had been and was then a plumber and repairman by trade, in the permanent employ, as such, of his employer Biggs, and who was sent on a job in such capacity in the regular course of his employment, could be classed as a farm laborer or casual employee. We make this statement with all due consideration to the case of *Dowery* v. *State* (1925), 84 Ind. App. 37, 149 N. E. 922, but, at the same time, we have in mind the case of *In re Boyer* (1917), 65 Ind. App. 408, 117 N. E. 507, in which case, we have a situation somewhat similar to the case at bar. In the Dowery case, Dowery's duties were limited to work in the operation of the farm, and there were only some days of hazardous employment each year, but those days were the exception and not the rule. With the employee engaged as a threshing hand, as in the Boyer case, the work is constantly of a most hazardous nature. For the purpose of comparison, we could assume that decedent Marlin was continuously engaged in the erection or installation of windmill heads, which assumption would be favorable to the appellant, who contends that the installation of windmill heads is farm labor. If such were the case, the decedent Marlin would constantly be engaged in hazardous work as was the threshing hand. The evidence does not show, however, that erecting mill heads is farm labor, nor would the evidence appellant attempted to introduce in an endeavor to show that this was customary farm labor or work alter the situation. Even though the exclusion

thereof could be said to be error, the appellant was not harmed thereby. Therefore, we hold that the decedent Marlin was neither a farm nor casual laborer. Appellant, in support of his contention that Marlin was a "casual laborer," cites the case of *Bailey* v. *Humrickhouse* (1925), 83 Ind. App. 497, 148 N. E. 428, and *Zeidler* v. *Prueher* (1926), 85 Ind. App. 627, 154 N. E. 35. These were well decided cases, but are not in point, for the reason that appellant Makeever never had any dealings with decedent Marlin, but, on the contrary, he contracted for the work with Biggs, who was an independent contractor, and, therefore, it was incumbent upon him (Makeever) to comply with §14 of the Compensation Act and exact a certificate in compliance with said act. *Moore* v. *Copeland* (1928), 88 Ind. App. 54, 163 N. E. 235.

The intention of the Legislature in passing the Workmen's Compensation Act was to exempt farmers when employing farm labor. §9454 Burns Supp. 1929. It was clearly not the intention to exclude farmers under all circumstances, because the act in §2 says "every employer." This certainly means farmers as well as any other employer when hiring employees who are not specifically exempt. The only exemption is to the employers of "casual laborers, as defined in clause (b) of §73, farm or agricultural employees and domestic servants." Bankers, lawyers or doctors may be the employers of such persons. They would not be exempt merely because they belong to a certain vocational or professional class. A lawyer employing a farm laborer to do farm work would be exempt as would the farmer. A lawyer or farmer, however, employing a laborer to do work on a farm which is not farm labor, is not, from the language used, exempt. The act, taken as a whole, was not meant to exclude farmers in all their employment contracts.

Appellant Makeever entered into a specific contract with appellant Biggs to do this job for a stated amount, furnish the materials, tools and workmen. There was complete supervision on the part of Biggs, Makeever not even being present in person or by agent. From the decisions of many jurisdictions, the term "independent contractor" is well defined. One who carries on an independent business and contracts to do a piece of work according to his own methods, subject to the employer's will only as to results, is an "independent contractor." Some of the recognized tests of the relationship are, although all need not be concurrent, or each in itself controlling, the existence of a contract for the doing of a specific thing at a stated price, the independent nature of the contractor's business or his separate field, his hiring of under employees, coupled with the absolute right to govern their work, the necessity of furnishing to such assistants tools and materials, his certain right to control the progress of the work, except as to ultimate results. All the facts here are present, and our holding must be that Biggs was an independent contractor. The case of *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559, and those preceding it support this definition in a general way.

Therefore, since appellant Biggs was an independent contractor, appellant Makeever should have exacted the certificate from him, and, for his failure to do so, he must be liable. Hence the award must be affirmed and it is so ordered.