CARR ET AL. *v.* KREKELER, GUARDIAN, ET AL.

[No. 14,591.   Filed June 24, 1932.]

*Burke G. Slaymaker, Clarence F. Merrell, Theodore L. Locke* and *James V. Donadio,* for appellants.

*John E. Osborn,* for appellees.

CURTIS, J.—This is an appeal from an award of the full Industrial Board of Indiana entered on January 11, 1932, in a proceeding brought by the appellees under the provisions of the Indiana Workmen's Compensation Act (Acts 1929 p. 536), in which the appellees made a claim for compensation against the appellants on account of fatal injuries received by Anthony J. Krekeler on or about June 2, 1930.

The appellees filed their application in the usual form before the board alleging that on June 2, 1930, Anthony J. Krekeler died as a result of personal injuries received by him on said date by reason of an accident arising out of and in the course of his employment by the appellants while he was driving and operating a motor truck in hauling crushed stone used in the construction of a public highway by the appellants. At the hearing before the board the appellants defended upon the theory that said Anthony J. Krekeler was not an employee at the time he received the injuries from

which he died, but was an independent contractor and as such not entitled to the protection of the Workmen's Compensation Act. The single member, upon the hearing, entered an award in favor of the appellees. An application was then filed by the appellants for a review by the full board. The full board, upon the hearing, entered an award in favor of the appellees. Among other things the full board found: "That on June 2nd, 1930, one Anthony Krekeler was in the employ of Robert F. Carr and Clyde E. Puttmann, doing business as a partnership under the firm name of Carr and Puttmann, at an average weekly wage of $21.00, as a truck driver, and on said date the said Anthony Krekeler received a personal injury by reason of an accident arising out of and in the course of his said employment; that as the result of said accidental injury the said employee died on June 2nd, 1930.

"The Board further finds that said deceased left as his only dependents, his wife Clara Krekeler, his sons Bernard Krekeler aged seventeen years, Charles Krekeler aged fifteen, and Stanley Krekeler aged eleven years; all of whom were living with the deceased at the time of his death and wholly dependent on him for support.

"The Board finds that the said dependent Charles Krekeler died on September 9th, 1930; that the plaintiffs Madaline Krekeler and Alvina Krekeler, who are the children of the said Anthony Krekeler, were each more than eighteen years of age at the time of his death and were not his dependents, and are not entitled to an award of compensation."

The award was in accordance with the finding as to the dependents and was for a period of 300 weeks, at the rate of $11.55 per week to be distributed and redistributed as provided in the award. In addition, the appellants were ordered to pay the necessary and rea-

sonable medical, surgical and hospital expenses of the said Anthony Krekeler, deceased, for the first 30 days following his said accident and injury, together with the costs of the proceedings and an additional $100 for burial expenses. Madeline Krekeler and Alvina Krekeler were each denied compensation. The attorneys fees were also fixed in the award.

The appellants duly excepted to the award and prayed and perfected this appeal. The error assigned and relied upon for reversal is that the award of the full Industrial Board is contrary to law.

The question for determination is whether or not there is any competent evidence or legitimate inferences to be drawn therefrom to sustain the finding of the full board that the deceased was an employee of the appellants and not an independent contractor at the time he received the injuries that caused his death. The case has been ably briefed and it is freely admitted by the appellants that if there is competent evidence or legitimate inferences to be drawn therefrom to sustain the finding of the full board, that then the award must be affirmed. This principle of law is well established and needs no citation of authority.

The principles of law underlying the determination of the question as to whether or not a workman is an employee or an independent contractor have been so recently reviewed by this court that we do not deem it necessary in this opinion to restate them. We cite the following cases as some of the more recent ones in which this question has been fully discussed. *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 174 N. E. 517; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640.

In the determination of the question as to whether

or not there is sufficient evidence to sustain an award, that evidence alone most favorable to the appellee will be considered. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178, 117 N. E. 555; *Interstate Iron, etc., Co.* v. *Szot* (1917), 64 Ind. App. 173, 115 N. E. 599; *John C. Groub Co.* v. *Brock* (1932), ante 346, 180 N. E. 923.

It is admitted by the appellants that there is practically no conflict in the evidence. We call attention only to so much of the evidence as in our opinion is sufficient to sustain the award. The evidence shows that Anthony J. Krekeler had one truck and that it was, at the time of the accident, being driven by him in hauling crushed stone for the appellants who were constructing a road; that his son Bernard A. Krekeler, who was 17 years old, had driven the truck for a few days previously in the hauling, but had, at the request of Mr. Carr, one of the appellants, quit driving the truck and had commenced to run a tractor out on the road. When he quit driving the truck, he engaged a boy by the name of Hoosier to drive but Hoosier was not satisfactory to the appellants on account of being crippled and worked only one day and then the deceased started to drive the truck and did drive it a day or two until the accident. The accident occured by the truck upsetting and pinning the deceased beneath it and so crushing him that he died in a few hours thereafter. The Hoosier boy had quit driving the truck at the request of the appellants who gave directions to the deceased to get another driver. The deceased was to be paid $1 per yard and he was to furnish the truck, the driver, and to service the truck completely. There was no agreement that the deceased was to haul any certain or definite amount or quantity of stone, nor that he was to haul for any certain or definite length of time. His truck was one of several

so employed by the appellants. It appears that he could quit at any time; could haul as many loads per day as he desired and could be discharged by the appellants at any time. It seems to us that there is not only some evidence but an abundance of evidence to sustain the finding of the board. The award is not contrary to law. We find no reversible error.

Award affirmed, with the usual five per cent statutory penalty.