COFFIN ET AL. *v.* HOOK.

[No. 17,044. Filed December 22, 1942.]

*Samuel J. Offut,* of Greenfield, and *White, Wright &
Boleman,* of Indianapolis, for appellants.

*George F. Dickmann,* of Greenfield, for appellee.

CURTIS, J.—This is an appeal from the award of the
full Industrial Board awarding compensation to the
appellee against the appellants under the Indiana Work-
men's Compensation Act for accidental injuries received
by him on the 3rd day of October, 1939, when he was
engaged in repairing a roof of the appellants' residence
located on their farm in Hancock County, Indiana. To
the application of the appellee for compensation, the
appellants filed a special answer in three paragraphs,
the first of which was a general denial; the second as-
serted that at the time of the accident the appellee was
a casual laborer, and the third alleged that at the time
of the accident the appellee was an agricultural em-
ployee.

There are few if any disputed material facts. It
is stipulated that the appellee was in the employ of
the appellants at the time of the accident and that he
suffered personal injuries as a result thereof.

The first main issue in dispute before the Industrial
Board was whether the appellee at the time he was

injured was a casual employee of the appellants; the second was the question as to whether he was a farm or agricultural employee within the meaning of those terms as used in the Workmen's Compensation Act. After the issue had been tried and decided by a single member, a petition for review before the full Industrial Board was filed. There was a finding and award by the majority of the full board awarding compensation to the appellee. We now quote a part of the finding of the full board, as follows:

"And the Full Industrial Board, by a majority of its Members, finds that the plaintiff Samuel Hook was in the employment of the defendants Abe L. Coffin and Etta B. Coffin on the 3rd day of October, 1939, at an average weekly wage of $30.00; that on said day the plaintiff sustained a personal injury caused by accident arising out of and in the course of his employment with the defendants, of which the defendants had knowledge at the time but did not furnish all of the medical, hospital, surgical and nursing services required by law.

"It is further found that said accidental injury was caused by the plaintiff repairing the roof on the dwelling house of the defendants in which they were living on the farm at the time they were operating it; and it was caused when the plaintiff fell a distance of twenty-five feet from the roof of the dwelling house, landing on his hip; that as a result of said accident the plaintiff suffered a broken pelvis bone, fractured right hip, and crushed twelfth dorsal vertebra, bruised back, legs, chest and head.

"And now the Full Industrial Board, by a majority of its members, finds for the plaintiff on his application filed with the Industrial Board on October 1, 1941, and finds against the defendants on all three paragraphs of answer filed by the defendants and finds that on the 3rd day of October, 1939, the plaintiff sustained an accidental injury while in the employment of the defendants arising out of and in the course of his employment and

finds that as a result of said accidental injury, plaintiff sustained injuries to his back and hip; that as a result of said accidental injury plaintiff became totally disabled until April 1, 1941, and that he has been partially disabled since April 1, 1941, to the date of the hearing, January 5, 1942, and during that time has been earning an average weekly wage of $12.00.

"It is further found that before the plaintiff filed his complaint October 1, 1941 the parties had disagreed as to the payment of compensation by the defendants to the plaintiff."

The award followed the finding. We quote part of it, as follows:

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, by the Full Industrial Board of Indiana, by a majority of its members, that compensation be awarded to the plaintiff herein Samuel Hook against the defendants Abe L. Coffin and Etta B. Coffin, at the rate of $16.50 per week, beginning on October 10, 1939, and continuing to and including March 31, 1941, on account of total disability; that compensation for partial disability be awarded to the plaintiff as against the defendants at the rate of $9.90 per week beginning on April 1, 1941, during the period· of his partial disability not exceeding the period fixed by law."

From the above award this appeal has been duly prosecuted, the error assigned being that the award of the full Industrial Board is contrary to law. This assignment presents all questions sought to have reviewed.

The appellants specifically contend: First, that the finding and award of the full Industrial Board is contrary to the express provisions of section 9 of the Workmen's Compensation Act, which provides that the compensation provisions of said act shall' not apply to casual laborers as defined in clause ·(b) of section

73, of said act, nor to farm or agricultural employees. Secondly, that the finding and award of the full Industrial Board by a majority of its members is contrary to the prior decisions of the Appellate Court of Indiana, defining the terms "casual laborers" and "farm or agricultural employes." The controlling facts, as found by the full Industrial Board, which we have heretofore set out, are supported by the evidence, leaving only the question as to whether or not these facts found are sufficient under the law to sustain the award which was made. As heretofore pointed out, it is the appellants' first contention that under the provisions of section 9 of the Indiana Workmen's Compensation Act the appellee is not entitled to compensation. We quote that part of said section which is applicable, as follows:

Section 9. The "act, except section sixty-six [§ 40-1517], shall not apply to casual laborers, as defined in clause (b) of section seventy-three [§ 40-1701], nor to farm or agricultural employees, . . . " § 40-1209, Burns' 1940 Replacement.

We now quote the applicable part of clause (b), section 73, referred to in the act. After defining the term "employee" and stating who is an employee, said clause (b) contains the following exception:

". . . except one whose employment is both casual and not in the usual course of the trade, business, occupation, or profession of the employer."

Section 66 of the act above referred to contains the requirement that every employer shall keep a record of injuries to the employes and make proper reports thereof to the Industrial Board. This section 66 is not involved in the present controversy.

The appellants point out that they are husband and wife and are the owners of a farm located in Hancock

County, Indiana, upon which is a dwelling house used by them for many years and at the time of the accident as a family home; that the appellants made a direct contract of hire with the appellee to repair a leak in the roof of said residence; that while so employed the appellee fell from the roof and was injured; that there was no claim that the residence on which the appellee was working was used for any other purpose than as a farm home for the appellants; and that said farm home was used exclusively by the appellants as their private residence.

There is no claim in the instant case that the appellee was employed by and working for an independent contractor under such conditions as would require the appellants to obtain a certificate showing that the independent contractor carried workmen's compensation insurance as was the situation in the case of *Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 164, 174 N. E. 517. In that case a farmer employed an independent contractor to repair a windmill, and the independent contractor in turn employed a workman who was injured, the court said:

> "Therefore, since appellant Biggs was an independent contractor, appellant Makeever should have exacted the certificate from him, and, for his failure to do so, he must be liable. Hence the award must be affirmed and it is so ordered."

Where work is casual in its nature, and is not in the usual course of the business, trade, or occupation of the employer, it is not compensable under the statute and the decisions. See *Barker, Rec.* v. *Eddy* (1933), 97 Ind. App. 94, 185 N. E. 878; *Herthoge* v. *Barnes* (1932), 94 Ind. App. 225, 180 N. E. 489; *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869. But, if

an employment be casual in its nature and is within the usual course of the employer's business, it is compensable. See *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120; *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27.

"Casual," as used in the Workmen's Compensation Act, is used in its usual and ordinary sense and meaning. Webster's New International Dictionary defines "casual" as "Happening or coming to pass without design, and without being foreseen or expected. Coming without regularity; occasional; incidental. Liable to happen; subject to chance or accident; uncertain. Having the air of a chance or incidental occurrence." We think the decisions in which this Court has had occasion to speak of the word "casual" bear out the statement that the word is used in its ordinary acceptance. See *Makeever* v. *Marlin, supra.* See also *Zeidler* v. *Prueher* (1927), 85 Ind. App. 627, 154 N. E. 35.

There is no evidence in the instant case that the accident occurred in the usual course of the business of the appellants. The accident occurred in the repair of a leak in the roof of a building used exclusively by the appellants as their residence and for no other purpose. We are of the opinion that the employment in the instant case was purely casual and not shown by the evidence to have been in the "usual course of the trade, business, occupation, or profession of the employer." See said *clause (b) of section 73 of the Workmen's Compensation Act.*

The award of the full Industrial Board is contrary to law and is reversed with instructions to set aside the award made and to enter an award for the appellants.

Award reversed.

NOTE.—Reported in 45 N. E. (2d) 369.