SCOTT *v.* RHOADS ET AL.

[No. 17,181. Filed October 30, 1943. Rehearing denied November 18, 1943.]

*Charles D. Hunt* and *Hays & Hays,* all of Sullivan, for appellant.

*Paul F. Wells, George W. Wells,* and *Edward S. Everett,* all of Terre Haute, for appellees.

ROYSE, C. J.—Appellees Rosemary Rhoads and Kay Frances Rhoads were awarded compensation by the full Industrial Board as dependents of Ellis Rhoads whose death the Industrial Board found resulted from injuries arising out of and in the course of his employment.

The appellee Lucy Scott is designated as appellee herein merely in conformance with rules of procedure, and the term "appellees" when used herein will not include her.

The only proper assignment of error here is: The award of the full Industrial Board of Indiana dated July 8, 1943, in said cause is contrary to law.

Under this assignment appellant questions the sufficiency of the evidence to sustain the award of the full board.

This court will not weigh the evidence (*Jackson Hill Coal & Coke Co.* v. *Slover, et al.* (1936), 102 Ind. App. 145, 199 N. E. 417; *Ruth M. Hayes* v. *Joseph E. Seagram & Co.* (1944), *post*, p. 311, 50 N. E. (2d) 885, decided Oct. 11, 1943) and will consider only that evidence most favorable to the finding of the board. *Ruth M. Hayes* v. *Joseph E. Seagram & Co., supra; Carr* v. *Krekeler, Guardian, et al.* (1932), 94 Ind. App. 508, 181 N. E. 526.

The record discloses that appellant owned an oil well in Sullivan County. He employed W. B. Rhoads, father of decedent, to operate the well. Rhoads' duties consisted of pumping—running the engine, and doing whatever was necessary in the operation of the well. When they had some minor trouble with the well, if the necessary work could not be done by one man, Rhoads would get someone to help him and appellant would pay the man so employed. Other persons employed by appellant on the same kind of work as that performed by W. B. Rhoads followed this practice. There is evidence that in the locality where appellant's oil well is located it was the custom, when such an emergency arose, to get a man from a nearby oil well to assist in the repair work; that such employee would be paid at the rate of $2.50 per day by the employer

for whom he did the extra work; that such employee was not docked by his regular employer for the time spent on the emergency work. On October 23, 1941, W. B. Rhoads had trouble with the engine and got his son Ellis, the decedent, who was employed on another oil field, to help him. While they were working on the engine it ignited and the connecting rod on the piston went out, striking and seriously injuring the decedent. He was moved to the hospital and died the next day as the result of the injury.

Appellant contends there is no competent evidence of a contract of hire, either express or implied, between appellant and decedent. With this contention we cannot agree. While there is a conflict in the evidence, there is evidence in the record from which the Industrial Board could have found that appellant, by having paid the wage of other persons so employed, had not only knowledge of the custom but acquiesced in it, and therefore, by his conduct, he had impliedly authorized W. B. Rhoads as his agent to, under such circumstances, employ such help. *Baltimore and Ohio Southwestern Railroad Company* v. *Burtch* (1922), 192 Ind. 199, 134 N. E. 858. The Supreme Court of the United States, in reviewing this case, speaking on the question here under consideration, said: "There is' a preliminary dispute as to whether Burtch stood in the relation of employee at the time of the injury, and this we first consider. The testimony shows that Burtch was not regularly employed, but that he engaged in this particular work at the request of the train conductor, because it was necessary to unload the cutter, and the train crew was unable to do so without help. The evidence tends to show that the conductor, in making the request, followed a long standing practice to call upon bystanders to assist in unload-

ing heavy freight. These facts, either undisputed or established by the verdict of the jury under appropriate instructions, are ample to sustain the conclusion reached below that there was an exigency which authorized the conductor to employ outside assistance, and that Burtch, for the time being, occupied the relation of employee to the Company." *Baltimore & Ohio Southwestern Railroad Company* v. *Lula Burtch* (1923), 263 U. S. 540, 68 L. Ed. 433.

We are of the opinion that there was sufficient evidence from which the board could determine the average weekly wage of decedent.

Appellant finally contends that if the decedent was an employee, the employment was casual and not in the usual course of the business or occupation of appellant.

Our Workmen's Compensation Act (§ 40-1701 (b), Burns' 1933) provides that "The term 'employee,' as used in this act, shall be construed to include every person . . . in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer."

This court has held that an employee may recover compensation, even though his employment is casual, if his employment is in the usual course of the employer's business. *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120; *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27. Therefore, while it may be conceded that decedent's employment was casual, if the employment was in the usual course of appellant's trade or business appellee would be entitled to recover under the Workmen's Compensation Act.

Appellant earnestly contends that because his principal occupation was farming, the employment of decedent was not in the usual course of his trade, business, etc. It will be noted the provision of the Workmen's Compensation Act here under consideration does not provide that the employment must be in the usual course of the "principal" trade, business, etc. of the employer, but only that the employment must be in the course of the trade, business, etc. of such employer. We are of the opinion that an employer may be engaged in various separate and independent kinds of businesses or occupations, and that his employees in the usual course of each of said businesses or occupations are entitled to the benefits of the Workmen's Compensation Act. Any other construction of the provision of the statute herein involved would tend to nullify the humane purposes which the Workmen's Compensation Act seeks to accomplish.

Insofar as the case of *Zeidler et al.* v. *Prueher* (1927), 85 Ind. App. 627, 154 N. E. 35, is in conflict with the views herein expressed, it is disapproved.

In the instant case it is admitted by appellant that he owned and operated the oil well herein referred to, and that he employed W. B. Rhoads to operate this well for him. Therefore, we hold decedent's employment was employment in the usual course of appellant's business.

The award of the Industrial Board is affirmed with the statutory penalty.

NOTE.—Reported in 51 N. E. (2d) 89.