SANDBURN *v.* HALL ET AL.

[No. 18,090. Filed March 5, 1951. Rehearing denied April 27, 1951. Transfer denied June 19, 1951.]

*William K. Bennett,* of Lafayette, for appellant.

*Murray, Mannon, Fairchild & Stewart,* of Indianapolis, for appellees.

WILTROUT, C. J.—Appellant filed his application for workmen's compensation. The Industrial Board entered an award that he take nothing thereby, and he seeks a review of that award.

The board, with one member not concurring, found:

> "That on the 25th day of July 1949, plaintiff was performing services both casual and not in the course of employers' regular business for the defendant herein. That on said date plaintiff sustained accidental injuries while performing such services when a piece of plaster fell into plaintiff's left eye resulting in the loss of the industrial vision thereof."

Appellant points out that the burden of establishing that appellant's employment was casual was upon the employer, *Meek* v. *Julian* (1941), 219 Ind. 83, 36 N. E. 2d 854, and argues that the evidence, which was substantially uncontradicted, does not sustain the finding that the employment was casual. We must therefore consider the evidence most favorable to appellees. *Scott* v. *Rhoads* (1943), 114 Ind. App. 150, 51 N. E. 2d 89.

Appellee John Hall operates the Hall Sales Company, characterized in the evidence as a hardware and machinery business and also as a farm equipment and sales service. The business is owned by Hall and his wife. Appellant never performed any service for this business.

Hall purchased a lot upon which was located a dwelling house and a barn or garage. The house was purchased for his own residence and for no other purpose. He decided to make the house more modern. It did not have a bathroom or a modern kitchen, and needed repairs. To install the bathroom upstairs some changes were required in the general outline of the building.

Appellant and his father were carpenters. Hall engaged appellant and his father to do the work except the electrical wiring and plumbing. They started the work three or four days after the hiring. Neither party contends that the appellant was an independent contractor. They worked steadily, going to work each morning at about the same time and quitting at about the same time, unless lack of material caused them to quit earlier. The plumbing work caused some interruption. Appellant had no other employment while working on this job.

Appellant started working on the house during the first part of July, 1949, and was injured on July 25, 1949. On that date he was plastering a ceiling when plaster fell in his eye.

The work was completed by others after appellant's injury, it being completed somewhere between six and eight weeks after the work was begun.

The questions of whether appellant's employment was casual and whether it was in the usual course of the trade, business, occupation or profession of the employer are questions of fact for the determination of the Industrial Board. If there is any evidence of probative value to sustain the finding of the board, including legitimate inferences which may be drawn from the evidence, such finding is conclusive, and we may not disturb it. *J. P. O. Sandwich Shop, Inc.*

v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. 2d 869.

The compensation acts of most American jurisdictions contain provisions regarding casual employments. The statutes of a few states have provided a specific and arbitrary definition of casual employment. In the states, including Indiana, where no statutory definition has been adopted, the usual and ordinary definitions of the word "casual" as given by the lexicographers find acceptance. *Mason* v. *Wampler* (1929), 89 Ind. App. 483, 166 N. E. 885; *Coffin* v. *Hook* (1942), 112 Ind. App. 549, 45 N. E. 2d 369; *Lasch* v. *Corns* (1950), 120 Ind. App. 31, 89 N. E. 2d 553. While these definitions are helpful, as we said in the last above-cited case: "There is no hard and fast rule by which it can clearly and unfailingly be determined where to draw the line between employments which are casual and those which are not. Each case must rest in its final analysis, upon its own facts and circumstances."

Here the employment was for a single job which would last for a considerable period of time, and the work to be done was substantial in its nature.

Appellant's employment cannot be said to have been fortuitous, uncertain, occasional, haphazard, unsystematic, irregular, happening by chance or accident or without design. Neither was it casual.

It is stated in 58 Am. Jur., Workmen's Compensation, § 94, p. 645:

> "Whether an employment for a single job or piece of work is or is not to be regarded as casual depends upon the circumstances. The determination of the question may be governed by the length of time contemplated, or by the nature of the con-

tract of employment. While the mere fact that an employment is for a single job does not necessarily make it casual, an employment for one job which occurs by chance or with the intention and understanding on the part of both the employer or employee that it shall not be continuous, cannot be characterized as permanent or periodically regular, and the great majority of the cases hold that such an employment, which is to last but a short time, not more than three or four days or a week, and is for a limited and temporary purpose, is casual. But an employment, though for a single piece or job of work, which lasts for several weeks or months, or for an indefinite period, is usually regarded as regular and not casual employment."

Again it is stated by 2 Schneider, *Workmen's Compensation Law* 108, § 279 (i) (Perm. ed. 1942) :

"If there is a single employment which lasts for several weeks or months, or for an indefinite period, it is not considered as casual."

It is said in 71 C. J., Workmen's Compensation Acts, § 179, p. 436: "An employment on a building or in repairing a structure will not be regarded as casual where the work for which claimant was engaged will extend for an indefinite period, or will require a considerable length of time for its completion."

But, appellees insist, this case is governed by the case of *Mason* v. *Wampler, supra.* The only facts recited in the opinion in that case which bear upon the question of whether the employment was casual are: "Appellant is a carpenter, and as such was employed by appellee to work with other carpenters to remodel a dwelling house then owned by appellee and used by him as a residence." This court concluded that it could not say, as a matter of law, that the employment was other than casual. Appellees in the case now before us urge that a reading of the briefs in *Mason* v. *Wampler,*

*supra,* discloses that by the uncontradicted evidence, which was not set forth in the opinion, the employment of appellant therein was to be for at least as long a period as was that of appellant herein; that the controlling facts in that case and in the present case are almost identical.

In the consideration of precedents courts do not look so much for identity of facts as for statements of applicable principles. *American Mutual Liability Ins. Co.* v. *Duesenberg* (1938), 214 Ind. 488, 496, 14 N. E. 2d 919, 16 N. E. 2d 698. In interpreting an opinion the language used must be read in the light of the issues or questions presented. 21 C. J. S., Courts, § 222, p. 408; *Gerking* v. *Johnson* (1942), 220 Ind. 501, 506, 44 N. E. 2d 90.

We have read the briefs in *Mason* v. *Wampler, supra.* Under the contentions made by the appellant in that case the court apparently felt that consideration was not required of the effect of the substantial nature and duration of the employment, and therefore did not consider it necessary to set forth in the opinion the facts relating thereto. Appellant there advanced but two arguments: (1) that inasmuch as appellee had not filed a special answer he could not avail himself of the defense that the employment was casual and not the usual course of the employer's business, and (2) "the building of a house or the remodeling of the house of the appellee in which he was living or was to live, was not casual employment in any sense of the word. It is a part of every man's business either to build his home or to have it built, in which to live." We do not, therefore, consider that case as controlling this one.

Neither does the case of *Lasch* v. *Corns, supra,* require a contrary conclusion. That presented an entirely different situation than the one now before us.

Award reversed, with instructions for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 96 N. E. 2d 912.