STRICKLER *v.* SLOAN ET AL., ETC.

[No. 18,806. Filed May 1, 1957.]

*John M. Heeter,* of Indianapolis, *K. Parker Vosloh,* of Bloomfield, and *John J. Dillon,* of Indianapolis, (of counsel) for appellant.

*Emerson Boyd, Kenneth L. Kleinsmith, Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee, J. I. Case Company.

*Murray, Mannon, Fairchild & Stewart* and *Alvin E. Meyer,* of Indianapolis, for Herbert H. Sloan and others, doing business as H. H. Sloan and Sons.

PFAFF, J.—Appellant instituted this cause against the appellees, the complaint being in two paragraphs.

For proper consideration by this court it is necessary to explain the issues presented.

The theory of said first paragraph of complaint as stated by appellant is as follows: The first paragraph of complaint is predicated upon common law negligence and alleges an agency relationship between the appellees H. H. Sloan and Sons and the J. I. Case Company as well as allegations of negligence on the part of J. I. Case Company in manufacturing a latently defective inherently dangerous machine.

The theory of the second paragraph of complaint is based upon liability under the Employers' Liability Law and does not state a cause of action against the appellee J. I. Case Company.

Appellee H. H. Sloan and Sons filed a demurrer to each paragraph of the complaint. Appellee J. I. Case Company filed a demurrer to Paragraph I. of the complaint, which demurrers were sustained by the trial court. Appellant failing to plead further, judgment was rendered for each appellee.

Appellant's amended complaint alleged that appellee H. H. Sloan and Sons was in the farm equipment and

farming business; that appellees Sloans were the agent and representative of J. I. Case and Company; that as their employee appellant traveled from farm to farm in the business of harvesting crops; that appellees Sloans ordered and directed appellant to work on another farm at the time sued upon; that because of negligence on the part of appellees jointly and severally, appellant fractured his thumb and two fingers in "open and moving trash rollers" of a mounted Case cornpicker.

Appellant's contention of error is predicated upon the following grounds:

1. That the bare allegation of appellant in his complaint, that he was a "farm laborer," is admitted by the demurrer and therefore the Workmen's Compensation Act is not applicable.

2. That the court below could not consider the allegations of fact made by appellant in his complaint to determine appellant's status as a matter of law without a trial and submission of evidence.

Appellees Sloans contend that they cannot accept either of these proposals as being supported by the decisions of the courts of Indiana and, in fact, maintain that they are contrary to decided case law and the statutes relating to complaints and demurrers. Appellees Sloans further argue in their brief that with regard to the court's decision below, the appellant admits in his brief that his action should fail if he was employed to operate a cornpicker at the time of the injury, in behalf of his employer, picking corn for another person. Appellees Sloans call attention to the fact that the appellant cites the case of *Hahn* v. *Grimm* (1935), 101 Ind. App. 74, 198 N. E. 93, in his brief, which the appellees Sloans relied upon in their demurrer and upon

which case the trial court rendered its judgement. It is the contention of the appellees Sloans that the allegations of "farm laborer" in appellant's complaint is a legal conclusion which is not admitted as true by the demurrer. The specific allegations by appellant in his complaint which describe the nature of his employment at the time of injury and the reasonable inferences to be drawn from such allegations wholly support the decision of the trial court in sustaining appellees Sloans' demurrer and the rendition of judgment thereon, the appellant failing and refusing to plead over. It is appellees Sloans' further contention that the allegations of facts that appellant was "picking corn with a cornpicker . . . owned by the defendants, H. H. Sloan and Sons, as a loaned laborer to the said Walter Rollison on the John Owen farm . . ." when construed with the other allegations of appellant's complaint clearly states facts from which the court properly concluded that the appellant was an employee within the meaning of the Workmen's Compensation Act.

The first proposition advanced by appellant is that a demurrer admits as true the allegations to which the demurrer is addressed. This is true, when qualified, since it does not apply to legal conclusions which are pleaded in a complaint. Works' Indiana Practice, Lowe's Revision, Vol. 1, §14.37, p. 564, with cases cited.

It is well settled law that conclusions of law which are alleged in the pleading demurred to, are not taken as true, nor is it necessary to file a motion to state facts sufficient to support the conclusion in order to avoid waiving the objections thereto. Burns' §2-1005, 1946 Replacement. *Columbia Properties* v. *St. Bd. Tax Commrs.* (1953), 232 Ind. 262, 111 N. E. 2d 891; *Loftin et al.* v. *Johnson et al.* (1940), 216 Ind. 537, 24 N. E. 2d 916.

The allegation "that the plaintiff was employed by the said defendants, H. H. Sloan and Sons, for the performance of farm labor" is a legal conclusion and the demurrer does not admit such conclusion as an ultimate fact pleaded in the complaint, nor is it such a conclusion as will be considered as having all the fact allegations necessary to support the conclusion. In each instance in the complaint, the appellant recites by allegation the descriptive facts concerning the nature of services performed by him at the time of the alleged injury, immediately following the broad legal conclusion allegation of "farm labor" as follows:

"Picking corn with a cornpicker . . . owned by the defendant, H. H. Sloan and Sons, for said defendant, H. H. Sloan and Sons, as a loaned laborer to the said Walter Rollison on the John Owens Farm . . .". These allegations are the ones of fact.

Appellant's second general proposition is that the court could not conclude as a matter of law, without evidence being heard thereon, that the appellant was an employee within the meaning of the Workmen's Compensation Act, and not a farm laborer.

The appellant is correct in his assertion that the general occupation or business of the employer is not controlling upon the issue of determining a farm laborer's status as such; what is determinative is the character and nature of services rendered by the employee in the course of his employment, and the complaint clearly states those services as the appellant pleaded them, and the allegations must be regarded as true when tested by demurrer. Under the *Hahn* v. *Grimm* case, *supra,* the services alleged are not regarded as constituting farm or agricultural employment within the meaning of the Workmen's Compensation Act. See also *Heffner* v. *White* (1942), 113 Ind. App. 296, 45 N. E. 2d 342; t. d. 221 Ind. 315, 47 N. E. 2d 964;

*Evansville Veneer and Lumber Co.* v. *Mullen* (1946), 116 Ind. App 616, 65 N. E. 2d 742.

So, in the case before the court, where the nature of the employment at the time of the injury is clearly stated in the pleadings, and the twofold nature of the employer's activities is also pleaded, the mere fact that the employee might on other occasions of employment not be within the scope of the Act cannot be controlling in the determination of the Jurisdictional matter involved in this appeal which is clearly presented by the pleadings. Evidence is unnecessary where the issue presented by the pleading is one of law only. It has been held by this court that one who operates hazardous farm machinery on the farm of a farmer who is not his employer, under contract existing between the farmer and his employer, is not a farm laborer. *Hahn* v. *Grimm, supra; In re Boyer* (1917), 65 Ind. App. 408, 117 N. E. 507. We are of the opinion that the facts as alleged in appellant's complaint are identical to the facts stated in the case of *Hahn* v. *Grimm, supra,* and that the judgment rendered in behalf of the appellees Sloans should be affirmed on the precedent of that decision. The appellant came into court by his own choice of allegations of fact in his complaint and he was afforded the opportunity to plead over after the court below sustained appellee H. H. Sloan and Sons' demurrer, but appellant refused and elected to be bound by his complaint. The complaint clearly shows on its face that appellant's employment was under the Workmen's Compensation Law and that he has a right to bring his action before the Industrial Board if he so elects.

Appellant's proposition supporting his assertion of error to the trial court's sustaining the demurrer of appellee J. I. Case Company to Paragraph I. of the amended complaint may be summarized:

1. The amended complaint alleged that appellant was a

bona fide farm laborer so as to exclude appellant from the compensation act and the six months' time limit for a third party action.

2. Expiration of the six months' time limit for a third party action cannot be raised by demurrer.

3. A chattel manufacturer is liable to an ultimate user for "failure to exercise reasonable care in the adoption of a safe plan or design."

4. The issue of whether appellant's action was within the Industrial Board's jurisdiction, whether appellant, as an employee of appellees Sloans, was excluded from the Workmen's Compensation Act, and whether the alleged defect in the cornpicker was latent or patent, must be determined only by evidence.

Appellee J. I. Case Company contends that the appellant's amended complaint is demurrable for want of jurisdiction of the subject matter of this case, and for failure to state sufficient facts to constitute a cause of action against it, for the reasons:

1. Appellant's amended complaint alleged he was an employee of J. I. Case Company and was demurrable for want of jurisdiction as showing his remedy was within the jurisdiction of the Industrial Board of Indiana.

2. Appellant's amended complaint alleged facts showing he was an employee of appellees Sloan and Sloan entitled to compensation and was demurrable for insufficient facts as showing expiration of the six months' time limit on his third party action.

3. An ultimate user's complaint against a manufacturer for not installing a guard over open trash rollers on a cornpicker is demurrable for insufficient facts.

4. The insufficiency of appellant's amended complaint

upon appeal, after sustained demurrer and his refusal to plead over, must be determined from its properly pleaded averments. In support of each contention the appellee J. I. Case Company says that if appellant was alleged to have been the employee of J. I. Case Company, then his remedy was exclusively under the Indiana Workmen's Compensation Act, and the amended complaint was demurrable for want of jurisdiction of the subject matter and of this case. *Seaton* v. *United States Rubber Co. et al.* (1945), 223 Ind. 404, 61 N. E. 2d 177.

Allegations in Paragraph I. aver that appellees Sloans were in the farm equipment and farming businesses; that appellees Sloans were the "agent and representative" of the J. I. Case Company; that as "their employee" appellant traveled from farm to farm in the business of harvesting crops; that appellees Sloan had "ordered and directed" appellant "to work" on another farm when appellant injured his thumb and two fingers because of negligence "on the part of the defendants jointly and severally."

The accumulated substance of Paragraph I. in effect charges the J. I. Case Company with the "right or power to command a particular act which caused the injury and the manner in which it should be performed." *Mid-Continent Petroleum Corp.* v. *Vicars* (1943), 221 Ind. 387, 47 N. E. 2d 972; *Pleasant et al.* v. *Dudley, et al.* (1953), 123 Ind. App. 565, 112 N. E. 2d 586.

The employee of a partnership in the farm implement and farming businesses employed to travel from farm to farm harvesting crops is not a farm or agricultural employee excluded from the Compensation Act. *Hahn* v. *Grimm, supra; Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 174 N. E. 517; *In re Boyer, supra; Scott* v. *Rhoads* (1943), 114 Ind. App. 150, 51 N. E. 2d 89.

Not every employee working on a farm is excluded from the Indiana Workmen's Compensation Act by Burns' §40-1209, *supra.*

In *Hahn* v. *Grimm, supra,* the court said:

". . . In determining this question we must keep in mind the general character of the employment and the kind of work the employee was hired to do, since our statute does not classify the employee in accordance with the general occupation or business of the employer. The mere fact that appellee's chief occupation was farming, that he intended to shred his own corn on the day appellant was injured, or that the shredding of the corn may be properly considered as the doing of agricultural labor, is not controlling. As heretofore stated, there is no evidence that appellant had, prior to his injury, been employed to perform general farming, but to the contrary the evidence conclusively proves that he was employed as a cornshredder hand, his employment requiring of him that he go from farm to farm during the time his employer was engaged in the corn-shredding business, and to feed and keep in working condition the machine used by his employer in the transaction of such business. . . . One may be doing labor on a farm that has become necessary to be done because of farming operations, and yet not be 'a farm or agricultural employee' within the meaning of that phrase as used in our compensation law."

In *Makeever* v. *Marlin, supra,* the court approved the following statement:

" 'A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employee of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employee of a well digger become a farm laborer while stabling horses used on the drilling outfit. But a farmer's hired man would not cease to be a farm laborer while adjust-

ing harvesting machinery or stabling the horses of a contractor drilling a well on the place. The modern farm laborer doubtless does much work on the rapidly increasing electrical equipment on farms. He continues a farm laborer while he does it. But an electrician sent out from town to do the same thing would not become a farm laborer for the occasion. So also a farm laborer does not step out of his own part while doing carpenter work for his farmer employer in the repair of farm buildings. Neither does the carpenter who comes on to the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one.'

" . . . Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer."

In *In re Boyer, supra,* the court said:

"While the threshing of wheat may be a part of the work necessary to be done on the farm, the farmer himself rarely does it. On the contrary, he has it done by some one who is specially equipped with the machinery necessary to do this kind of work. Wheat threshing is a business or industrial pursuit in and of itself, entirely separate and independent of farming."

In *Scott* v. *Rhoads, supra,* the court held:

"Appellant earnestly contends that because his principal occupation was farming, the employment of decedent was not in the usual course of his trade, business, etc. It will be noted the provision of the Workmen's Compensation Act here under consideration does not provide that the employee must be in the usual course of the 'principal' trade, business, etc. of the employer, but only that the employment must be in the course of the trade, business, etc. of such employer. We are of the opinion that an employer may be engaged in various separate and independent kinds of businesses or occupations, and that his employees in the usual course of each of said businesses or occupations are entitled to the benefit of the Work-

men's Compensation Act. Any other construction of the provision of the statute herein involved would tend to nullify the humane purposes which the Workmen's Compensation Act seeks to accomplish."

A complaint to enforce a right given by a statute also prescribing a time limit is insufficient upon demurrer if the complaint shows the time has expired. *Cox et al.* v. *Hunter, Adm'r* (1881), 79 Ind. 590; *Lynch* v. *Terre Haute* (1952), 123 Ind. App. 282, 109 N. E. 2d 437; *Continental Casualty Co.* v. *The Benny Skou* (1952), C. A. 4, 200 F. 2d 246.

In *Cox et al.* v. *Hunter, Adm'r supra,* the court said:

". . . The proceeding could not be maintained, unless instituted within the time limited, and therefore it was incumbent on the appellee to show by the allegations of his complaint, that the death of his intestate had occurred within five years before the institution of his suit. If his complaint contained no such showing, it would have been bad, we think, on a demurrer thereto for the want of sufficient facts."

In *Lynch* v. *Terre Haute, supra,* this court affirmed the trial court's sustaining a demurrer to a complaint which showed plaintiff had not given notice to the defendant municipality as prescribed by Burns' §48-8001, 1950 Replacement, and said:

". . . The pleading before us shows on its face, by specific allegation, that a necessary procedural step, i. e., the giving of statutory notice before suit was brought, was not taken. The situation is analagous to a complaint which shows on its face that the action pleaded is barred by the statute of limitations. Such a complaint is demurrable for want of facts notwithstanding the concept that timely filing is no part of the cause of action pleaded."

In *Continental Casualty Co.* v. *The Benny Skou, supra,* involving the compensation insurer's action to

recover death benefits paid to a deceased employee's dependents, the district court dismissed the action because it appeared from the complaint that the action was not commenced within the prescribed time limit, and on appeal the court sustained the dismissal and adopted the following statement of law:

"The very right itself is accorded by the statute. As that statute is relied on, and the proceedings can be maintained only in accordance therewith, the limitation of time thereby prescribed is so incorporated in the remedy given as to make it an integral part of it, and hence make it a condition precedent to the maintenance of the proceeding. It is a special limitation prescribed by the same statute which creates the right. The distinction between statutes of limitation which bar rights, which have once accrued, and limitations of time which are an integral part of the statute creating the right, is everywhere recognized, . . . the statutory requirement that an action for wrongful killing shall be brought within one year affects the right as well as the remedy and can therefore be availed of by demurrer."

The law is well settled that a complaint asserting an action under Burns' §40-1213, 1952 Replacement, is demurrable for insufficient facts if not commenced within six months. *Kelley* v. *Girdler Corp.* (1953), C. A. 7, 207 F. 2d 703; *Willis* v. *Weil Pump Company* (1954), 130 F. Supp. 896, affirmed 222 F. 2d 261 (1955), C. A. 2d; *Elam* v. *Bruenger* (1948), 165 Kan. 31, 193 P. 2d 225.

*Kelley* v. *Girdler Corp., supra,* squarely supports this proposition. The court of appeals affirmed the district court's dismissal of the complaint "on the ground that the action is barred by the limitation provision contained in" Burns' §40-1213, *supra,* and equivalent to sustaining a demurrer, saying:

"But the language quoted from is unequivocal, and it can only lead to the conclusion that the Dis-

trict Court was correct in dismissing the plaintiff's action.

"...

"We are concerned here only with Section 13 of the Act as it was amended in 1951. That amendment abolished the election requirement, and imposed a six months' limitation period on third party actions by the injured employee. This the legislature had the power to do, . . . Limitation provisions of a like nature are contained in the Workmen's Compensation Laws of other states and they have been held valid and binding under similar circumstances."

It might be well noted that since the filing of this appeal of the case at bar the above cited cases have been discussed at great length by Judge Landis speaking in *Wright Bachman, Inc.* v. *Hodnett* (1956), 235 Ind. 307, N. E. 2d 713.

After a careful study of the authorities submitted by the appellant we concur that they are not in support of their contention and we are of the opinion that the appellant's amended complaint is demurrable for insufficient facts because a manufacturer is not negligent for not installing a guard over open trash rollers on a cornpicker. *Campo* v. *Scofield* (1950), 301 N. Y. 468, 95 N. E. 2d 802; *Chisenall* v. *Thompson* (1952), 363 Mo. 538, 252 S. W. 2d 335; *Stevens* v. *Allis Chalmers Mfg. Co.* (1940), 151 Kan. 638, 100 P. 2d 723.

In *Campo* v. *Scofield, supra* plaintiff cut his hand in a set of rollers on an onion topping machine, and sued the manufacturer for failure to install a guard. In affirming the trial court's dismissal of the complaint because it did not state facts sufficient to constitute a cause of action, the court said:

"The cases establish that the manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers.

Accordingly, if a remote user sues a manufacturer of an article for injuries suffered, he must allege and prove the existence of a latent defect or a danger not known to plaintiff or other users. Examination of the complaint before us revealed the absence of any such recital. Apart from the purely conclusory allegations that the machine was negligently designed and constructed and was in a defective or imminently dangerous condition —which of course do not spell out a cause of action, . . . the complaint merely recites that defendants failed and omitted to provide any guards that would prevent the user of the machine from coming in contact with the revolving rollers and to provide a stopping device by means of which one whose hand became caught in the rollers could stop the machine and thereby lessen the extent of the injury. Entirely lacking is the slightest suggestion that the machine possessed a latent defect or a danger unknown to plaintiff; entirely lacking is any recital that the absence of guards or a stopping device was unknown to him; and entirely lacking is any allegation of fact indicating that defendants foresaw or should reasonably have foreseen a danger to one using the machine for its intended purpose. As we have observed, those omissions are fatal.

". . . We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof. Just as the manufacturer is under no obligation, in order to guard against injury resulting from deterioration, to furnish a machine that will not wear out, . . . so he is under no duty to guard against injury from a patent peril or from a source manifestly dangerous. To illustrate, the manufacturer who makes, properly and free of defects, an axe or a buzz saw or an airplane with an exposed propeller, is not to be held liable if one using the axe or the buzz saw is cut by it, or if some one working around the airplane comes in contact with the propeller. In such cases, the manufacturer has the right to expect that such persons will do everything necessary to avoid such contact, for the very nature of the article gives notice and warning of the consequences to be expected, of the injuries to be suf-

fered. In other words, the manufacturer is under no duty to render a machine or other articles 'more' safe—as long as the danger to be avoided is obvious and patent to all.

"To impose upon a manufacturer the duty of producing an accident-proof product may be a desirable aim, but no such obligation has been—or, in our view, may be—imposed by judicial decision. Suffice it to note that, in cases dealing with a manufacturer's liability for injuries to remote users, the stress has always been upon the duty of guarding against *hidden* defects and of giving notice of concealed *dangers*."

In *Chisenall* v. *Thompson, supra,* the plaintiff there received a serious injury, plaintiff having "lost his right hand when he attempted to remove corn stalks from between the revolving rollers of a cornpicker without first placing the power take-off lever in neutral", the court reversed the judgement against the manufacturer, saying:

". . . the danger resulting from allowing ones hand to come in contact with those rollers was perfectly obvious and it needed no warning to advise the plantiff, or anyone of ordinary common sense, of such danger."

In *Stevens* v. *Allis Chalmers Mfg. Co., supra,* involving the contention that a manufacturer was negligent for not installing a guard over a whirling universal joint between a farm tractor and a "combine", in reversing a judgment for plaintiff the court said:

". . . But the fact was insufficient to prove that defendant had been negligent in failing to equip the take-off shaft with such a device. In our time many sorts of machinery are used on farms, and while our farmers of necessity have to be self-taught mechanics to operate them, it is a novel idea that the manufacturers of such machinery can be held liable for the injuries farmers and farm workers sustain in their operation. It is a matter of common knowledge that injuries frequently occur

in the operation of mowers, binders, threshers, tractors, corn shellers, hay loaders, and many sorts of geared tools. Are the manufacturers of such implements to be held liable for the hurts and bruises sustained by the users of these implements? Not many years ago, the automobile was started by hand crank which often evinced a temperamental habit of "kicking", which resulted in a broken wrist of the operator. In time a safe device for starting automobiles was invented, but it could hardly be said that the early auto-manufacturer was culpably negligent in equipping his vehicles with hand cranks."

Appellant had an absolute right to plead over after the trial court sustained the demurrers. We cannot agree with appellant that the issues raised by the demurrer must be determined only by evidence. Appellant has not shown that the trial court erred in sustaining the demurrer of appellee J. I. Case Company to the amended complaint, nor did the trial court err in sustaining the demurrer of the appellee H. H. Sloan and Sons.

Judgment affirmed. Bowen, C. J., Kelley, P. J., and Cooper, Crumpacker and Royse, JJ., concur.

NOTE.—Reported in 141 N. E. 2d 863.